# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AMERICAN NATIONAL INSURANCE COMPANY,** *et. al.* | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | |
| **JPMORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,** | § § § | **C.A. No. 1:09-CV-01743-RMC** |
| **Defendants,** | § § | |
| **and** | § § | |
| **FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK, HENDERSON, NEVADA** | § § § | |
| **Intervenor.** | § § | |

## PLAINTIFFS' AMENDED
## MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................... ii

INTRODUCTION AND PROCEDURAL BACKGROUND ............................................. 1

MOTION FOR CERTIFICATION UNDER
SECTION 1292(b) ........................................................................................... 3

     a.    Controlling law is involved – Judge Hoyt's Orders are
          based on an erroneous and unconstitutional expansion of FDIC
          jurisdictional grant ................................................................................. 4

           1.    The Court impermissibly disregarded the
                 Plaintiffs' "well pleaded complaint" ................................................ 5

           2.    FIRREA applies only to claims against a depository
                 institution or the FDIC as receiver, not to Plaintiffs'
                 state law claims against JPMC and JPMC Bank .............................. 7

           3.    The Court's interpretation of FIRREA violates the
                 Plaintiffs' Constitutional right to due process ................................. 14

     b.    Substantial ground exists for difference of opinion ..................................... 16

     c.    Immediate appeal will materially advance the ultimate
          termination of the litigation ..................................................................... 17

PRAYER ....................................................................................................... 18

CERTIFICATE OF CONFERENCE..................................................................... 18

CERTIFICATE OF SERVICE ............................................................................ 19

**TABLE OF AUTHORITIES**

<u>**CASES**</u> <u>**PAGE(S)**</u>

*Auction Co. v. FDIC*, 141 F.3d 1198 (D.C. Cir. 1998)....................................................11, 12, 16

*Baker & Getty Fin. Servs.*, 954 F.2d 1169 (6th Cir. 1992) ..........................................................4

*Bank One Texas National Association v. Morrison*, 26 F.3d 544 (5th Cir. 1994)........................7

*Bank One, Texas, N.A. v. Elms*, 764 F. Supp. 85 (N.D. Tex. 1991) ..............................................7

*Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) ................................................................10

*Boddie v. Connecticut*, 401 U.S. 371 (1971)) ..............................................................................15

*Bolden v. KB Home*, 618 F.Supp. 2d 1196 (C.D. Cal. 2008)..................................................10, 16

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)........................................................................5

*Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561 (1988)....................................11, 12, 15

*Cuomo v. Clearing House Ass'n, L.L.C.*, ___ U.S. ___, *11, 129 S. Ct. 2710 (2009) ...............9

*FDIC v. McFarland*, 243 F.3d 876 (5th Cir. 2001) ....................................................................10

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983)............................5, 6

*Frank v. Bear Stearns & Co.*, 128 F.3d 919 (5th Cir. 1997) ........................................................6

*Freeman v. FDIC*, 56 F.3d 1394, 1403 (D.C. Cir. 1995) ...........................................................15

*Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864 (5th Cir. 2002) ...............................17

*Gully v. First Nat. Bank in Meridian*, 299 U.S. 109 (1936) ........................................................6

*Harding-Wright v. D.C. Water And Sewer Auth.*,
350 F. Supp. 2d 102 (D.D.C. 2005)................................................................................................5

*Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir.),
cert. denied, 128 S.Ct. 647 (2007) ...............................................................................................14

*Homeland Stores, Inc. v. RTC*, 17 F.3d 1269 (10th Cir. 1994)..............................................4, 11

*Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001) ........................................................6

*Hudson United Bank v. Chase Manhattan Bank
of Connecticut, N.A.*, 43 F.3d 843 (3d Cir. 1994) ................................................9, 12

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) .......................................15

*Medtronic, Inc. v. Lohr*, 518 U.S. 470  (1996) ...................................................10

*National Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376 (3d Cir. 1994) ...............5, 15, 16

*O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994) .............................................10

*Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007).......................................................3, 4

*Rosa v. RTC*, 938 F.2d 383 (3d Cir. 1991) ...........................................................9

*Ex parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113 (5th Cir. 1963) ...................17

*Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373 (6th Cir. 2008)..............13

*In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (Bankr. D. Del. 2008)
(Walrath, J.), (*JPMorgan Chase Bank, National Association v. Washington Mutual, Inc.
et. al.*, Adv. Proc. No. 09-50551; *Washington Mutual, Inc. et. al. v. JPMorgan Chase
Bank, National Association*, Adv. Proc. No. 09-50934) ..........................................16

*Washington Mutual, Inc. et al v. Federal Deposit Insurance Corporation in its capacity as
receiver for Washington Mutual Bank*, Case No. 1:09-CV-00533, (U.S. Dist. Ct. D.C.,
March 20, 2009) ....................................................................................................8

*Wyeth v. Levine*, ___ U.S. ___, 129 S. Ct. 1187 (2009) ......................................10

## UNITED STATES CONSTITUTION

Due Process Clause of the Fifth Amendment ..................................................... 14-15

## STATUTES                                                                          PAGE(S)

12 U.S.C. § 1821 ................................................................................4, 5, 7-9, 11-16

12 U.S.C. § 1819 ...............................................................................................7

12 U.S.C. § 2401 ..............................................................................................11

28 U.S.C. § 1292 ....................................................................................1, 3, 4, 17, 18

**RULES**                                                                 **PAGE(S)**

Texas Rule of Civil Procedure 60 ................................................................................2

**PLAINTIFFS' AMENDED**
**MOTION FOR CERTIFICATION UNDER 28 U.S.C. § 1292(b)**

Plaintiffs, American National Insurance Company, *et al.* ("Plaintiffs"), amend their motion for certification under 28 U.S.C. 1292(b) to address the reasoning provided in the Court's September 9, 2009 Memorandum and Order Transferring Case [Inst. 48] (the "September 9, 2009 Memorandum and Order").[1]

Plaintiffs ask the Court for 28 U.S.C. § 1292(b) certification to appeal (1) the Court's September 3, 2009 Order Concerning Remand [Inst. No. 46] (the "September 3, 2009 Order") and (2) the Court's September 9, 2009 Memorandum and Order [Instr. No. 48] (together, referred to as the "Orders"). The Orders share a common mistake: the legal premise that Plaintiffs' state law claims are "claims" that are subject to one or more provisions of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

The Texas District Court disregarded Plaintiffs' clear, well-pleaded complaint and erroneously interpreted FIRREA in such a way as to completely preempt Plaintiffs state law claims against JPMC and JPMC Bank, and to bar administrative and court access for those claims. The result is an unconstitutional deprivation of due process under the Fifth Amendment of the U.S. Constitution as applied to the Plaintiffs.

**INTRODUCTION AND PROCEDURAL BACKGROUND**

On February 16, 2009, Plaintiffs brought Texas state law claims of tortious interference with existing contract, breach of a confidentiality agreement, and unjust enrichment against Defendants JPMorgan Chase and Co. ("JPMC") and JPMorgan Chase

---

[1] Plaintiffs' filed their Motions for Reconsideration of Order Denying Remand and for Written Findings or, in the Alternative, for Certification Under 28 U.S.C. 1292(b) [Inst. 47] on September 9, 2009. The Court denied the Plaintiffs' motion for reconsideration [Inst. 49] on September 11, 2009, but made no ruling on Plaintiffs' Motion for Certification Under 28 U.S.C. 1292(b).

Bank, N.A. ("JPMC Bank") (collectively, "Defendants") by filing an Original Petition (the "Petition") in the 122nd District Court of Galveston County, Texas. Plaintiffs assert no federal-question claims and assert no claim against the FDIC.[2] Plaintiffs seek damages based upon Defendants' conduct in wrongfully engaging in sham negotiations with Washington Mutual, Inc. ("WMI") and Washington Mutual Bank, FSB ("WMB"), which were designed to elicit confidential information, and in misusing and publicly leaking confidential information in order to gain an unfair advantage in obtaining WMB's long-coveted assets. These claims cannot be administered by the FDIC.

The Defendants were served with process on February 24, 2009, and on March 20, 2009, filed answers and/or a special appearance. Defendants did not immediately remove the case. On March 25, 2009, the FDIC intervened pursuant to Texas Rules of Civil Procedure that permit unrestricted intervention.[3] The FDIC immediately removed the case to federal court. [Instr. No. 1]. Defendants filed their removal notice on the same day. [Instr. Nos. 2 and 3].

Plaintiffs' filed their Remand Motion on April 21, 2009. [Instr. No. 10]. In the motion, Plaintiffs explained that the FDIC was not a proper intervenor under federal standards and should be dismissed because the FDIC does not have authority to exercise jurisdiction over Plaintiffs' state law claims. The parties thereafter briefed the Court on the question of remand, primarily on the issue of absence of FDIC jurisdiction. [*See* Intr.

---

[2] The case caption used by the Southern District of Texas clerk's office and on orders issued by the Court -- "*American National Insurance Company, et al., Plaintiffs, v. FDIC as Receiver for Washington Mutual Bank, Henderson, Nevada, et al., Defendants*" may be misleading in that it does not state the true status of the parties. Plaintiffs do not bring any claims against the FDIC, but instead, bring claims only against Defendants JPMC and JPMC Bank. The caption in the state court case was: "*American National Insurance Company, et al., Plaintiffs, v. JPMorgan Chase & Co., et al., Defendants*."

[3] Texas Rule of Civ. Proc. 60 ("Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party.").

Nos. 16, 17, 23, 31 and 32].

The FDIC, as its sole basis for opposition to Plaintiffs' Remand Motion, asserts that it has statutory authority to exercise federal jurisdiction over Plaintiffs' state law claims against the Defendants. [*See* Instr. 17]. Defendants list three purported grounds in their opposition to remand. [*See* Instr. 16]. None have merit. The first two grounds relate the FDIC's unpersuasive claim of federal-question subject matter jurisdiction through its statutory authority to act as a receiver. *See id.* at 4-15. The third purported basis for federal jurisdiction is diversity of citizenship.

On August 25, 2009, the parties were notified that the case was reassigned to Judge Kenneth M. Hoyt. On September 3, 2009, the Court issued a one-page order denying the Plaintiffs' Motion for Remand.[4] Judge Hoyt scheduled a status conference to be held by telephone on September 9, 2009. The Plaintiffs, at mid-day on September 9, 2009, filed Motions for Reconsideration of Order Denying Remand and For Written Findings or, in the Alternative, for Certification under 28 U.S.C. § 1292(b) [Inst. 47]. Judge Hoyt then cancelled the status conference. Later that day, Judge Hoyt issued the September 9, 2009 Memorandum and Order, ordering that the Plaintiffs' action be transferred from the United States District Court for the Southern District of Texas.

## MOTION FOR CERTIFICATION UNDER SECTION 1292(b)

A district judge is permitted to certify an interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) where "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores,* 481 F.3d 234, 238 (5th Cir. 2007). Denial of a remand motion is often the subject of an

---

[4] The September 3, 2009 Order.

interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *See, e.g., id.* (denial of remand reversed after reviewed under 28 U.S.C. § 1292(b)). Whether a cause of action is subject to the jurisdictional requirements of FIRREA is a proper question for certification under 28 U.S.C. § 1292(b). *See Homeland Stores, Inc. v. RTC*, 17 F.3d 1269, 1271-72 (10th Cir. 1994) (certifying issue of whether 12 U.S.C. 1821(d)(13)(D) barred court from exercising jurisdiction over contract claim).

    **a.**    **Controlling law is involved – Judge Hoyt's Orders are based on an erroneous and unconstitutional expansion of FDIC's jurisdictional grant**

        Plaintiffs seek certification of controlling issues of law. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *See In re Baker & Getty Fin. Servs.*, 954 F.2d 1169, 1172 n. 8 (6th Cir. 1992). The FDIC's jurisdictional grant (which controls the FDIC's right to intervene) is a controlling issue of law. Related sub-issues include whether the FDIC has authority to extend immunity to its transaction parties for illegal conduct prior to the institution of the receivership and whether FIRREA may be constitutionally applied to Plaintiffs' state court claims against JPMC and JPMC Bank. These questions meet the standard of "controlling" for purposes of 28 U.S.C. § 1292(b).

        The Court made three distinct errors regarding the applicability of FIRREA to Plaintiffs' claims. First, the Court disregarded the well-pleaded complaint rule in order to substitute its own view as to what claims Plaintiffs asserted in their Petition. Second, the Court ignored the plain meaning of FIRREA to conclude that the FDIC's statutory grant of authority to "determine claims" of the "depository institution's creditors" included

authority to administer state law claims for damages against JPMC and JPMC Bank.  *See* 12 U.S.C. § 1821 (d)(3)(A) and (d)(3)(B)(i).  Third, the Court misinterpreted FIRREA in such a way as to result in an unconstitutional deprivation of Due Process.  *See National Union Fire Ins. Co. v. City Sav., F.S.B.*, 28 F.3d 376, 390 (3d Cir. 1994).

## 1.    The Court impermissibly disregarded Plaintiffs' "well pleaded complaint"

The Court cited *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1 (1983) for support of its statement that "plaintiffs . . . ignored the 'well pleaded complaint rule.'"[5]  However, the well-pleaded complaint rule does not limit Plaintiffs' right to bring state law claims that are not subject to the FIRREA claims administration process.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (plaintiff is the master of the claim and may rely exclusively on state law to avoid federal question jurisdiction). *Harding-Wright v. D.C. Water And Sewer Auth.*, 350 F. Supp. 2d 102, 104 (D.D.C. 2005) (granting motion for remand of state law claims even though one theory of liability required interpretation of federal standards).

*Franchise Tax Bd.* examined the "well pleaded complaint rule":

> Whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (punctuation omitted).  The Supreme Court explained, "[f]or better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under'

---

[5]September 9, 2009 Order at 4.

federal law." *Id. See also Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 117 (1936) (a federal question must be presented by the specific controversy, not by a hypothetical federal issue "lurking in the background."); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 924-25 (5th Cir. 1997) (third party beneficiary claimant to contract between defendants and the Federal Home Loan Mortgage Corporation and the Federal National Mortgage Association alleged no federal question in the complaint, despite a federal statute that granted federal jurisdiction to any case in which the quasi-governmental agencies were parties); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 918 (5th Cir. 2001) (mention of violations of Federal Trade Commission rules and regulations in a Texas Deceptive Trade Practices Act claim did not create federal issue).

It is evident from the face of Plaintiffs' Petition that Plaintiffs' lawsuit seeks damages from only JPMC and JPMC Bank for violation of Texas state laws. Plaintiffs' seek no remedy from the FDIC or Washington Mutual.[6]

The Texas District Court, however, impermissibly recast the Plaintiffs' lawsuit as being "related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008," and concluded that federal jurisdiction therefore existed.[7] This interpretation violates the "well pleaded complaint rule" as reaffirmed in *Franchise Tax Bd.* and its progeny.

Plaintiffs' action is based solely on state law, and the FDIC's intervention and removal were improper. Remand is proper in this case because no claims are being made against the financial institution in receivership or the assets in the possession of the

---

[6] See Motion for Remand [Inst. 10], at 14-17.

[7] September 9, 2009 Order at 4.

receivership or the FDIC. *See Bank One Texas National Association v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) ("[F]ederal jurisdiction should not be manipulated by the FDIC's simple intervention in a given case."); *Bank One, Texas, N.A. v. Elms*, 764 F. Supp. 85, 89-90 (N.D. Tex. 1991) (dismissing FDIC's intervention and remanding action to state court).

> ### 2.    FIRREA applies only to claims against a depository institution or the FDIC as receiver, not to Plaintiffs' state law claims against JPMC and JPMC Bank

The Court erred in concluding that the Plaintiffs' claims are subject to FIRREA.[8] The plain language of FIRREA grants the FDIC authority to "act as receiver." 12 U.S.C. § 1819(a). The FDIC may, "as receiver, determine claims in accordance with the requirements of this subsection . . ." 12 U.S.C. § 1821(d)(3)(A).

Section 1821(d)(3)(B) provides that the FDIC shall "promptly publish a notice to the depository institution's creditors to present their claims." Section 1821(d)(5) provides for procedures for determination of claims and provides only for review of "claims[s] against a depository institution." 12 U.S.C. § 1821(d)(5)(A)(i). Section 1821(d)(6)(i) again refers to a "claim against a depository institution" and provides for agency review or judicial determination of this type of claim. Section 1821(d)(11) provides that "claims" shall be paid in the following order of priority:

    (i)      Administrative expenses of the receiver.
    (ii)     Any deposit liability of the institution.
    (iii)    Any other general or senior liability of the institution (which is not a liability described in clause (iv) or (v)).
    (iv)    Any obligation subordinated to depositors or general creditors (which is not an obligation described in clause (v)).
    (v)    Any obligation to shareholders or members arising as a result of their status as shareholders or members (including any depository institution holding company or any shareholder or creditor of such

---

[8] See Motion for Remand [Inst. 10] at 11-13

company).

Notably absent from the statutory language relating to claims administration authority of the FDIC is any reference to claims against third parties for damages. Therefore, claims against JPMC and JPMC Bank are not subject to FIRREA because those claims are not against the FDIC or a depository institution under receivership. Consistent with this proposition, on January 23, 2009, the FDIC, as receiver for Washington Mutual Bank, denied a claim brought against it based on the conduct of JPMC Bank, made by a party not related to this lawsuit. The FDIC denied the claim, explaining, among other things, "they appear to assert claims against a third party . . ."[9]

In the instant lawsuit, despite the fact that FIRREA provides no procedure for administration of the Plaintiffs' claims, the FDIC and the defendants seek to apply the jurisdictional bar set forth in 12 U.S.C. § 1821(d)(13)(D) to immunize the Defendants against the claims in the Plaintiffs' lawsuit.[10] Section 1821(d)(13)(D) provides:

> (D) Limitation on judicial review. Except as otherwise provided in this subsection, no court shall have jurisdiction over--
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
> (ii) any claim relating to any act or omission of such institution or the Corporation as receiver.

---

[9] *See* Exhibit B to Motion for Remand [Inst. 10] (Exhibit 2 to WMI's complaint in the case, *Washington Mutual, Inc. et al v. Federal Deposit Insurance Corporation in its capacity as receiver for Washington Mutual Bank*, Case No. 1:09-CV-00533 (RMC), (U.S. Dist. Ct. D.C., March 20, 2009), FDIC's denial of WMI's proof of claim). *See generally* Motion for Remand at 13-14 (describing the FDIC's denial of Washington Mutual Inc.'s claim).

[10] *See, eg,* the FDIC's Notice of Related Case [Inst. 53] at 2 ("the FDIC-Receiver moved to transfer the Action to this Court on the ground that plaintiffs' claims were subject to the jurisdictional bar set forth in the Federal Deposit Insurance Act, as amended, and to the venue provision in that statute . . . See 12 U.S.C. §§ 1821(d)(6)(A), 1821(d)(13)(D)."

Plaintiffs assert no "claim" against JPMC and JPMC Bank that is reviewable by the FDIC. *See* 12 U.S.C. § 1821(d)(3)(A), (d)(5), (d)(6) and (d)(11). Plaintiffs seek no determination of rights to the assets of Washington Mutual Bank. See 12 U.S.C. § 1821(d)(13)(D)(i). Nor does the action constitute a "claim" that "relates" to any action of Washington Mutual Bank or the FDIC as receiver.[11] See 12 U.S.C. § 1821(d)(13)(D)(ii). Therefore, the limitation on judicial review of 12 U.S.C. § 1821(d)(13)(D) does not apply.

The FDIC and the JPMC Defendants urge an interpretation of § 1821(d)(13)(D) that is overly expansive and exceeds the scope intended by Congress. The jurisdictional bar contained in § 1821(d)(13)(D) does not apply to lawsuits that are brought, not against the FDIC, but against an assignee of an asset formerly held by the FDIC. *See FDIC v. McFarland*, 243 F.3d 876, 887 (5th Cir. 2001) ("When the FDIC relinquishes ownership, the procedures governing its role as a receiver no longer apply"); *Rosa v. RTC*, 938 F.2d 383, 393 (3d Cir. 1991) (claims against a successor bank that is not in receivership are not subject to the jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D)); *Hudson United Bank v. Chase Manhattan Bank of Connecticut, N.A.*, 43 F.3d 843, 847 n. 10, 852 (3d Cir. 1994) (Section 1821(d)(13)(D) applies only to claims against the depository institution in receivership or the receivership).

To interpret § 1821(d)(13)(D) as the FDIC and Defendants suggest would require the complete preemption of all state law claims against third parties by creditors of a financial institution subject to a FDIC receivership. This interpretation is unwarranted.[12] The United States Supreme Court recently addressed preemption of state-law causes of

---

[11] See Motion for Remand [Inst. 10] at 14-17.
[12] See discussion in Motion for Remand [Inst. 10], at 21-22.

action by a federal statute and emphasized that courts must be guided by two "cornerstones": "First, the purpose of Congress is the ultimate touchstone in every pre-emption case," and "[s]econd in all pre-emption cases, and particularly in those in which Congress has legislated in a field which the States have traditionally occupied, we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Wyeth v. Levine*, ___ U.S. ___, *8, 129 S. Ct. 1187, 1194-95 (2009) (holding that FDA's drug labeling judgments did not preempt state law product liability claims based on failure to warn of risk) (internal punctuation omitted) (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485 (1996)). *See also Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("a state claim may be removed to federal court in only two circumstances— when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption"). *Cf See Cuomo v. Clearing House Ass'n, L.L.C.*, ___ U.S. ___, *11, 129 S. Ct. 2710 (2009) (rejecting federal agency's interpretation of National Banking Act, holding that a "reasonable interpretation" of the Act did not preempt state law enforcement against national banks).

Nothing in the language of FIRREA indicates that it was intended to apply to or to preclude claims against third parties. *See O'Melveny & Myers v. FDIC*, 512 U.S. 79, 85 (1994) (matters "left unaddressed" in FIRREA are presumably left subject to the disposition provided by state law); *Bolden v. KB Home*, 618 F.Supp. 2d 1196, 1203 (C.D. Cal. 2008) ("There is no language in the FIRREA that expressly preempts state law") (citing *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 485). State law claims such as the Plaintiffs' involve "private rights" that are at the core of matters normally reserved to

Article III courts, which are not preempted by FIRREA. *See Coit Independence Joint Venture v. FSLIC.*, 489 U.S. 561, 587 (1988) (the enabling legislation of FSLIC and the Bank Board, predecessors to FDIC, does not preempt state law), and 489 U.S. at 589 (Justice Blackmun, concurring) (there is no "sound policy justification" for using the doctrine of exhaustion of administrative remedies as a basis for preempting state law). Reading the FDIC's jurisdictional statute too broadly "raises serious constitutional difficulties"—the statute "can and should be read to avoid these difficulties." *Id.* at 578-79.

The "interpretive problem" caused by reading § 1821(d)(13)(D) too broadly was addressed in this Circuit by *Auction Co. v. FDIC*, 141 F.3d 1198, 1201 (D.C. Cir. 1998). In *Auction Co.*, the court cautioned that if section 1821(d)(13)(D) was applied to claims that were not administratively reviewable, the result would be to foreclose judicial jurisdiction altogether, which was not the goal of FIRREA. *Id.* at 1200. *See also Homeland Stores, Inc. v. RTC*, 17 F.3d at 1273-74 (assuming that Congress intended "claims" barred by § 1821(d)(13)(D) to parallel those contemplated under FIRREA's administrative claims process).

The *Auction Co.* court considered whether the jurisdictional bar of 12 U.S.C. § 1821(d)(13)(D) applied to the court's jurisdiction over a contract action brought against the FDIC under 28 U.S.C. § 2401(a) (the Tucker Act) relating to the assets of a number of unnamed depositories. The court examined the contours of the term "claims" as that term is used in 12 U.S.C. § 1821(d)(6)(A) and (d)(13)(D) . The Court noted that the two subsections "seem to set up a standard exhaustion requirement: (d)(6)(A) routes claims through an administrative review process, and (d)(13)(D) withholds judicial review

11

unless and until claims are so routed." *Id.* at 1200. The Court determined the "obvious solution" to the "interpretive problem" "is to read (d)(6)(A) and (d)(13)(D) to apply to the same "clams." *Id.* at 1200.

The *Auction Co.* Court held that 12 U.S.C. § 1821(d)(13)(D)(ii) did not apply to bar the plaintiff's action. The Court interpreted the phrase, "claim relating to any act or omission of . . . the Corporation as receiver" to mean "claim relating to any act or omission of . . . the Corporation as receiver *for such institution.*" *Id* at 1201 (emphasis in original). The Court found it necessary to imply such language so as to avoid the result—not intended by Congress—of granting immunity for a class of claims. *Id.* As the Court stated, "We are confident that Congress did not intend such a result, which would raise serious constitutional questions." *Id. Cf Coit Independence Joint Venture,* 489 U.S. at 587 (doctrine of exhaustion of administrative remedies does not apply where administrative process was inadequate due to lack of reasonable time limit in claims process).

Similarly, 12 U.S.C. § 1821(d)(13)(D) does not apply in the instant case because to do so would be to immunize JPMC and JPMC Bank for their misconduct, a result that was not intended by Congress when it enacted FIRREA.[13]  *See Hudson United Bank v. Chase Manhattan Bank of Connecticut,* 43 F.3d at 848-49 ("Congress did not intend FIRREA's claims process to immunize the receiver but rather wanted to require exhaustion of the receivership claims process before going to court.").

---

[13] The FDIC, in the Purchase & Assumption Agreement between it and JPMorgan Chase Bank, N.A, expressly refused to indemnify the Defendant for "claims arising from any action or inaction: of the Defendants that were 'taken in a manner constituting bad faith, gross negligence or willful misconduct.' " See P&A Agreement, Article XII, section 12.1(a)(7), p. 25, attached as Exhibit 1 to Declaration of Edward John "Jack" O'Neil, Jr., submitted with the Response of Intervenor-Defendant FDIC-Receiver in Opposition to Plaintiffs' Motion for Remand (Instr. 17). As such, the FDIC implicitly recognizes that it has no business immunizing tortious conduct of the Defendants.

The case often cited by the FDIC and Defendants, *Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373 (6th Cir. 2008), is distinguishable from the instant case and fails to support application of FIRREA to the Plaintiffs' action. The plaintiffs in *Village of Oakwood* sought to collect on their uninsured deposits against the successor bank on theories of "successor liability" (the acquiring bank being the successor of the bank in receivership), "aiding and abetting the FDIC's breach of its fiduciary duty," "equitable constructive trust," and "contract." *Id.* at 376. The court concluded that "all of their claims against [the acquiring bank] are directly related to acts or omissions of the FDIC as the receiver of [the failed bank]," and held that 12 U.S.C. § 1821(13)(D)(ii) barred their claims.

However, unlike the claims in the *Village of Oakwood*, none of the Plaintiffs' claims seek compensation from, or could be asserted against, the FDIC as receiver or WMB. In addition, nothing in Plaintiffs' lawsuit requires interpretation or litigation regarding acts or omissions of the FDIC. The lawsuit relates to the acts and omissions of Defendants.

Perhaps more importantly, the claims in *Village of Oakwood*—"deposit liabilit[ies] of the institution"—are core claims to be administered under FIRREA and are expressly given a high priority in order of preference as a "claim." See 12 U.S.C. § 1821(d)(11) ("amounts realized . . . shall be distributed to pay claims . . . in the following order of priority: . . . (ii) Any deposit liability of the institution."). The Plaintiffs' claims—tort and contract claims against third parties—are nowhere mentioned in the claims administration process or distribution priority. 12 U.S.C. §§ 1821 (d)(3), (d)(5), (d)(6) and (d)(11).

The fact that 12 U.S.C. § 1821(13)(D) does not apply to lawsuits against an assignee of an asset formerly held by the FDIC was espoused by the FDIC to the United States Supreme Court as recently as 2007.  The FDIC, in a brief opposing *certiorari* in the Ninth Circuit decision in *Henrichs v. Valley View Dev.,*[14] explained:

> [T]he jurisdictional bars in FIRREA do not apply to suits . . . that are brought, not against the FDIC, but against an assignee of an asset formerly held by the FDIC. . . .Section 1821(d)(13)(D) applies only in an action against the FDIC. . . . It does not apply in an action, such as Valley View's state court suit, against a private party who owns an asset that was formerly held by an FDIC receivership, particularly when the receivership has since terminated. . . .1821(d)(13)(D) does not apply to claims that are not susceptible of resolution through the administrative procedure, such as claims against a private party who holds an asset that was once held by an FDIC receivership, particularly when the receivership has terminated. In that circumstance, there is no administrative claims procedure to exhaust, because that procedure governs only claims against the FDIC receivership. . . . Accordingly, the court of appeals correctly held that Section 1821(d)(13)(D)'s jurisdictional bar does not apply to "assignees of assets once owned by the FDIC."

Thus, the reasonable interpretation of "claim" under FIRREA, and that which harmonizes Sections (d)(6)(A) and (d)(13)(D), is that "claims" include only actions against the FDIC or the assets of the failed financial institution.  FIRREA was not intended by Congress, and cannot be construed, to immunize parties such as the Defendants for wrongful conduct prior to their transaction with the FDIC.  The Plaintiffs' action is therefore not subject to FIRREA.

3.    **The Court's interpretation of FIRREA violates the Plaintiffs' Constitutional right to due process**

The Due Process Clause of the Fifth Amendment of the U.S. Constitution provides that "no person shall ... be deprived of life, liberty, or property, without due

---

[14] See Brief for the Federal Deposit Insurance Corporation in Opposition to Petition for Writ of Certiorari, *Henrichs v. Valley View Dev.*, No. 07-76, U.S. Supreme Court, attached to Plaintiffs' Motion for Remand as Exhibit A; *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir.), cert. denied, 128 S.Ct. 647 (2007).

process of law." The "root requirement" of due process is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest, except for extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event." *Boddie v. Connecticut*, 401 U.S. 371, 378-79, (1971). The Plaintiffs' right to assert their state law causes of action against the Defendants is a property right protected by the Due Process Clause. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982).

Extending federal jurisdiction over the Plaintiffs' claims based on the FDIC's theory regarding the applicability of 12 U.S.C. § 1821(13)(D) would result in a complete bar to administrative and court access for the Plaintiffs' claims in violation of the Due Process Clause. *See National Union Fire Ins. Co. of Pittsburgh v. City Savings*, 28 F.3d 376, 390 (3d Cir. 1994) (when a party seeks damages, "a complete bar of jurisdiction [imposed by 12 U.S.C. § 1821(d)(13)(D)], in both administrative proceedings and courts of law, would as applied to that party constitute a deprivation of property without due process of law") (citing *Coit Independence Joint Venture*, 489 U.S. at 583-587; *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428-31 (1982); *Boddie v. Connecticut*, 401 U.S. 371, 375-80 (1971)). *See also Freeman v. FDIC*, 56 F.3d 1394, 1403 (D.C. Cir. 1995) ("in some circumstances, the jurisdictional bar of § 1821(d) might also implicate due process concerns by denying an aggrieved party any avenue of relief, administrative or judicial").

The plain language of FIRREA provides no avenue for administration of Plaintiffs claims—claims asserting a right to payment from Defendants. Therefore, if section 1821(13)(D) is applied to jurisdictionally bar the Plaintiffs' lawsuit, the Plaintiffs

would be deprived of all right to assert claims against the Defendants.    Applying FIRREA to the Plaintiffs' lawsuit would therefore violate the Due Process Clause of the Fifth Amendment. *See Auction Co.*, 141 F.3d at 1201 (granting immunity to all claims arising from all acts the FDIC takes "as receivership"—except to the extent that those claims could be handled by an administrative process open only to claims "against a depository institution"—would raise serious constitutional questions); *National Union Fire Ins. Co. of Pittsburgh v. City Savings*, 28 F.3d  at 392 ("if and when the [FDIC] seeks to use § 1821(d)(13)(D) unconstitutionally, it would seem that the courts should deem application of § 1821(d)(13)(D) unconstitutional *as applied* in that case, and take jurisdiction over the case)(emphasis in original).

> ### b.    Substantial ground exists for difference of opinion

The extent of FDIC's jurisdiction is an issue where there is substantial ground for difference of opinion, as demonstrated by the parties' briefings and the large amount of conflicting authority cited in the parties' briefings.    [*See* Instr. Nos. 10 (Motion for Remand); 16 and 17 (Defendants and FDIC's response to remand motion); 23 (Plaintiffs' reply brief); 31 (Notice by Plaintiffs of additional authority); and 32 (FDIC's response to notice of authority which in substance is sur-reply brief)].

In addition, the issue of jurisdictional effect of 12 U.S.C. § 1821(d)(13(D) upon claims against JPMC Bank by the debtor, WMI, was litigated in the United States Bankruptcy Court For the District of Delaware.[15]    On June 24, 2009, the Bankruptcy Court ruled that 12 U.S.C. § 1821(d)(13) was not a jurisdictional bar to "claims to

---

[15] *See In re: Washington Mutual, Inc. et. al.*, Case No. 08-12229 (Bankr. D. Del. 2008) (Walrath, J.), (*JPMorgan Chase Bank, National Association v. Washington Mutual, Inc. et. al.*, Adv. Proc. No. 09-50551; *Washington Mutual, Inc. et. al. v. JPMorgan Chase Bank, National Association*, Adv. Proc. No. 09-50934).

property that is no longer in the hands of the FDIC as receiver, but [is] in the hands of JPMC."[16]   The FDIC and JPMC Bank have appealed that ruling, and already have incorporated Judge Hoyt's September 9, 2009 Memorandum and Order into their appellate briefs, arguing that the order has persuasive authority.  On September 25, 2009, the Bankruptcy Court again rejected the Defendants' interpretation of the scope of FIRREA, despite argument based on Judge Hoyt's Order, calling the Defendants' position "frivolous."[17]

Where, as here, an "important" issue has "polarized" the courts, it is "highly principled" for a district court to certify an issue under section 1292(b).  *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 866 (5th Cir. 2002).  The FDIC's jurisdictional limits is an issue of law, is highly contested, and may greatly impact other and future litigation involving or potentially involving the FDIC.  The issue is one of national importance given the current economic environment and will be of interest to courts, lawmakers, banking regulators and lawyers throughout the nation.

    **c.**    **Immediate appeal will materially advance the ultimate termination of the litigation**

Section 1292(b) certification should be used to advance the statute's goals of avoiding expense and delay of lengthy litigation by deciding close questions of law at the appellate level.  *Ex parte Tokio Marine & Fire Ins. Co.*, 322 F.2d 113, 115 (5th Cir. 1963).  In the event the court of appeals concluded, after trial, that federal courts did not have subject matter jurisdiction, the entire matter had to be re-tried in state court.  Thus,

---

[16] See Plaintiff's Notice [Doc. 31] (excerpt of Transcript of Hearing Before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge, held on June 24, 2009, Exhibit A,  p. 93

[17] See Exhibit A to the Declaration of James M. Roquemore, attached hereto, Excerpt of the Transcript of Proceedings Before the Honorable Mary F. Walrath, United States Bankruptcy Court Judge, September 25, 2006, pp. 1-6, 38-39.

if the legal basis of the Order Concerning Remand is not reviewed at this juncture under section 1292(b), a substantial amount of time and expense will be wasted litigating in federal court.

## **PRAYER**

Plaintiffs respectfully ask the Court to certify for appeal (1) the Court's September 3, 2009 Order Concerning Remand [Inst. No. 46] and (2) the Court's September 9, 2009 Memorandum and Order [Instr. No. 48] pursuant to 28 U.S.C. § 1292(b).

## **CERTIFICATE OF CONFERENCE**

I certify that James M. Roquemore, Esq. conferred with counsel for the Defendants and the FDIC regarding this matter on the 25th and 28th of September, 2009, and that said parties take no position regarding the pleading.

By:_____
Gregory S. Smith

Respectfully submitted,

By: _____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Facsimile: (877) 809-9113
Email: gregsmithlaw@verizon.net

Andrew J. Mytelka
Texas State Bar No. 14767700
Joseph R. Russo, Jr.
Texas State Bar No. 24002879
Steve Windsor
Texas State Bar No. 21760650
James M. Roquemore
Texas State Bar No. 24058082
GREER, HERZ & ADAMS. LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on October 7th, 2009, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action.

_____
Gregory S. Smith