UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et. al.* § § § | | |
| Plaintiffs, § § | | |
| vs. § § | | |
| JPMORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, § § § § | C.A. No. 1:09-CV-01743-RMC | |
| Defendants, § § | | |
| and § § | | |
| FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK, HENDERSON, NEVADA, § § § § | | |
| Intervenor. § | | |

**PLAINTIFFS' RESPONSE AND OBJECTION TO
INTERVENOR'S "NOTICE OF RELATED CASE" [Docket #53]**

Plaintiffs, American National Insurance Company, *et al*. (collectively, "Plaintiffs"), object to this case's designation and reassignment as a "related case," which occurred after a "Notice of Related Case" [Docket #53] was filed by Intervenor Federal Deposition Insurance Company ("Intervenor" or "FDIC").

**PLAINTIFFS' RESPONSE TO THE FDIC'S "NOTICE"**

Notwithstanding the case caption adopted by the clerk's office, the Defendants in this case are JPMorgan Chase & Co. and JPMorgan Chase Bank National Association ("JPMorgan Bank"). The FDIC is an Intervenor.

The FDIC's "Notice of Related Case" asked the Court to designate this case as a

"related" case to *Washington Mutual Inc. v. FDIC*, Civil Action No. 1:09-CV-0533 (RMC). The *Washington Mutual* action is pending before Judge Rosemary M. Collyer. According to the FDIC, the instant action and *Washington Mutual* are based upon common facts. A review of Plaintiffs' Complaint shows that the FDIC's contention is without merit. Desgination of this case as related, and transfer of this action to Judge Collyer [Docket #54] was inappropriate for several reasons.

First, the request is premature. Pending before the Court, and filed concurrently with this pleading, is Plaintiffs' Amended Request for Certification of an Interlocutory Appeal Under 28 U.S.C. § 1292(b). The ruling Plaintiffs seek to appeal concerns the scope of the FDIC's jurisdiction and, hence, the federal question subject matter jurisdiction of this Court. Plaintiffs' section 1292(b) motion cites numerous decisions showing that courts have ruled contrary to the Southern District of Texas on this issue. Plaintiffs show that an appeal would streamline this case and that an appellate decision would be valuable to other cases involving FDIC intervention.

Second, the FDIC's Notice ignores the fact that, in the *Washington Mutual* action, the FDIC is the named defendant and Washington Mutual Inc. is the named plaintiff. In the instant action, the parties are different—Defendants JPMorgan Chase & Co. and JPMorgan Bank are the Defendants, and American National Insurance Company, *et al.*, are the Plaintiffs. The plaintiff in the *Washington Mutual* action asserts multiple claims against the FDIC receivership, based on the FDIC's denial of proofs of claims filed against the receivership. The legal issues surround the interplay between FIRREA and bankruptcy laws. In the instant case, the Plaintiffs assert only Texas state law claims for damages against third parties, the Defendants. The issues before the Court involve

235337.1

whether FIRREA, by its plain language, preempts state law claims against third parties, and whether the "jurisdictional bar" of FIRREA may be constitutionally applied to create jurisdiction over Plaintiffs' state law claims and/or bar those claims.

Third, the FDIC's Notice fails to explain common facts and legal issues that purportedly are the basis for the transfer request.  The FDIC repeatedly alleges that this action and the *Washington Mutual* case involve common issues of law and fact, but provides no examples.  The Notice, for the most part, comprises a list of conclusory statements.  The FDIC argues that Plaintiffs' action against Defendants, and the *Washington Mutual* case, both "arise from or relate to the WMB receivership."  Here, however, Plaintiffs do not assert claims against the FDIC or in the WMB receivership.

## PRAYER

Plaintiffs ask the Court to defer a decision on whether this action is a "related case" subject to transfer and pray that the Court set a status and scheduling conference where all issues, including whether this action is a "related case," can be discussed.

Respectfully submitted,

By: __/s/ Gregory S. Smith_____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
901 East Capitol Street SE
Washington, D.C.  20003
Telephone:  202-460-3381
Facsimile:   202-877-809-9113
Email:  gregsmithlaw@verizon.net


Andrew J. Mytelka
Texas State Bar No. 14767700
Joseph R.  Russo, Jr.
Texas State Bar No. 24002879
Steve Windsor
Texas State Bar No. 21760650

235337.1

>James M. Roquemore
>Texas State Bar No. 24058082
>GREER, HERZ & ADAMS. LLP
>One Moody Plaza, 18th Floor
>Galveston, Texas  77550
>(409) 797-3200
>(409) 766-6424 (FAX)
>
>ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on October 7th, 2009 a copy of the this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

>David Clarke, Jr., Esq.
>Deana L. Cairo, Esq.
>DLA PIPER LLP (US)
>500 Eighth Street, N.W.
>Washington, D.C.  20004
>
>Stacey R. Friedman, Esq.
>Sullivan & Cromwell LLP
>125 Broad Street
>New York, NY  10004

>___/s/ Gregory S. Smith_____
>Gregory S. Smith

235337.1