UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank, Henderson, Nevada, *et al.*,<br><br>　　　　Defendants. | Case No. 1:09-cv-01743 (RMC) |

**REPLY OF DEFENDANTS JPMORGAN CHASE & CO.
AND JPMORGAN CHASE BANK, N.A. TO PLAINTIFFS'
OBJECTION TO THE FDIC'S NOTICE OF RELATED CASE**

Defendants JPMorgan Chase Bank, N.A. and JPMorgan Chase & Co. (collectively, "JPMC") respectfully submit this response to Plaintiffs' "Response and Objection to Intervenor's 'Notice of Related Case' [Docket #53]" ("Objection"). This case is manifestly "related" to *Washington Mutual, Inc.* v. *FDIC*, No. 1:09-cv-00533 (RMC) (the "WMI/FDIC Case").

Local Civil Rule 40.5(a)(3) states that cases are "related" if they meet any of four criteria: if they "(i) relate to common property, *or* (ii) involve common issues of fact, *or* (iii) grow out of the same event or transaction *or* (iv) involve the validity or infringement of the same patent." (Emphasis added.) As stated in the FDIC's Notice of Related Case (Docket # 53) (the "Notice"), this and the WMI/FDIC Case both "involve common issues of fact" and "grow out of the same event or transaction," Local Civil Rule

40.5(a)(3), as the Honorable Kenneth M. Hoyt in the Southern District of Texas observed when he transferred this case to this district. (Mem. & Order, at 4-5 (Docket #48).)

Specifically, both cases involve the September 2008 collapse of Washington Mutual Bank ("WMB"), the appointment of the FDIC as receiver for WMB, and the FDIC's sale of substantially all of WMB's assets to JPMC. As Plaintiffs themselves asserted in their Original Petition ("Pet.") (attached as Exhibit A to Docket # 1), all of their claims stem from these events:

> On [September 25, 2008], the OTS seized Washington Mutual Bank ("WMB"), passed the bank to the FDIC as receiver, and the FDIC sold the crown jewels of Washington Mutual to JPMC at a fire sale price. In the deal, JPMC acquired the extensive banking franchise of Washington Mutual for the severely undervalued sum of $1.9 billion.

(Pet. ¶ 21.) Similarly, all of WMI's claims relate to the failure of Washington Mutual, and "[i]mmediately after its appointment as receiver, FDIC-Receiver['s sale of] . . . substantially all the assets of WMB [to JPMC] pursuant to that certain Purchase and Assumption Agreement." (WMI/FDIC Case, Docket # 1 ("Compl.") ¶¶ 7, 8.)

Both cases also attack the propriety of the FDIC's sale of assets to JPMC. The centerpiece of Plaintiffs' Original Petition is the allegation that "JPMC received a benefit from its transaction with the FDIC whereby it obtained the valuable assets of WMB at a price less than its fair market value." (Pet. ¶ 101.) WMI likewise asserts claims based on the theory that the FDIC's sale of WMB's assets to JPMC allegedly was for insufficient value, thus harming WMI. (Compl. ¶¶ 85, 86.) (WMI alleges that "[r]ather than a straight liquidation of WMB's assets, the FDIC entered into the Purchase and Assumption Agreement with JPMorgan Chase . . . for the purchase price of $1.9 billion," even though, according to WMI, "the assets of WMB sold [by the FDIC to

JPMC] were worth more than $1.9 billion, had such assets been liquidated in a prudent and reasonable manner.")  The Texas District Court thus summarized the relatedness of the two cases in his September 9, 2009 Memorandum and Order Transferring Case:

> In truth, the plaintiffs' suit is related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008.  In many respects, the plaintiffs' case is not unlike WMI's suit against the FDIC-Receiver that is currently pending in the District Court of the District of Columbia.

(Docket # 48 at 4-5.)

Plaintiffs nonetheless argue that this case is not related to the WMI/FDIC Case because (i) plaintiffs have filed a request for certification of an interlocutory appeal with this Court, (ii) this case involves different parties than the WMI/FDIC Case, and (iii) plaintiffs are of the opinion that the FDIC's Notice does not "explain" in sufficient detail the "common facts and legal issues that purportedly are the basis for the transfer" of this action to this Court as a related case.  (Objection at 2-3.)

Plaintiffs' first two arguments are irrelevant.  The standards by which "cases are deemed related" under Local Civil Rule 40.5(a)(3) do not include assessment of potential interlocutory appeals or the identity of the parties.  And plaintiffs' third argument—that the FDIC's showing of relatedness in the Notice is too "conclusory" (Objection at 3)—stops short of even denying or disputing that this case and the WMI/FDIC Case involve common factual issues and grow out of the same transaction.  As confirmed by the Southern District of Texas and explained above, plaintiffs'

Objection is baseless because this case and the WMI/FDIC Case are clearly related under Local Civil Rule 40.5(a)(3).

Dated:   October 21, 2009
         New York, New York           Respectfully submitted,

                                By:   /s/ Bruce E. Clark
                                      Bruce E. Clark (USDC Bar No. D00144)
                                      Robert A. Sacks (*pro hac vice*)
                                      Stacey R. Friedman (*pro hac vice*)
                                      SULLIVAN & CROMWELL LLP
                                      125 Broad Street
                                      New York, New York  10004
                                      Telephone: (212) 558-4000
                                      Facsimile: (212) 558-3588

                                      Bruce W. Hickey (D.C. Bar No. 479036)
                                      SULLIVAN & CROMWELL LLP
                                      1701 Pennsylvania Avenue, N.W.
                                      Washington, D.C.  20006
                                      Telephone:  (202) 956-7500
                                      Facsimile:  (202) 293-6330

                                      *Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*