**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank, Henderson, Nevada, *et al.,* <br><br> Defendants. | Case No. 1:09-cv-01743 (RMC) |

**MEMORANDUM OF POINTS AND AUTHORITIES OF THE FDIC-RECEIVER IN OPPOSITION TO PLAINTIFFS' AMENDED MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

David Clarke, Jr. (D.C. Bar. No. 396002)
Deana L. Cairo (D.C. Bar No. 469628)
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Tel.:  (202) 799-4000
Fax:  (202) 799-5000

 - and -

John J. Clarke, Jr. (admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501

Dated:  October 28, 2009

Attorneys for the
 Federal Deposit Insurance Corporation,
 as Receiver for Washington Mutual Bank

## Table of Contents

Page

Table of Authorities................................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................ 1

BACKGROUND ..................................................................................................................... 2

    A.    Plaintiffs' Petition ................................................................................... 2

    B.    Procedural Background ........................................................................... 4

ARGUMENT:  THE MOTION FOR CERTIFICATION SHOULD BE DENIED .................... 5

I.    ONLY THE FIFTH CIRCUIT CAN REVIEW ORDERS ENTERED BY THE
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS ................. 5

II.    THE ORDERS DO NOT MERIT CERTIFICATION FOR INTERLOCUTORY
APPEAL UNDER 28 U.S.C. § 1292(b) ........................................................ 7

III.    PLAINTIFFS' DUE PROCESS ARGUMENTS ARE WITHOUT MERIT ................. 15

CONCLUSION .................................................................................................................. 16

## Table of Authorities

Page

### Cases

*Am. First Fed., Inc. v. Lake Forest Park, Inc.,*
198 F.3d 1259 (11th Cir. 1999) ................................................................ 9

*Arends v. Eurobank & Tr. Co.,*
146 F.R.D. 42 (D.P.R. 1993) ................................................................. 12

*Auction Co. of Amer. v. F.D.I.C.,*
141 F.3d 1198 (D.C. Cir. 1998) ............................................................. 15

*Boddie v. Connecticut,*
401 U.S. 371 ......................................................................................... 16

*F.D.I.C. v. McFarland,*
243 F.3d 876 (5th Cir. 2001) ................................................................. 13

*Family Realty & Constr. Co. v. Mfrs. & Traders Tr. Co.,*
931 F. Supp. 141 (N.D.N.Y. 1996) ........................................................ 12

*Franklin Bank v. F.D.I.C.,*
850 F. Supp. 845 (N.D. Cal. 1994) ........................................................ 11

*\*Freeman v. F.D.I.C.,*
56 F.3d 1394 (D.C. Cir. 1995) ..................................................... 8, 9, 10, 16

*\*Heaton v. Monogram Credit Card Bank of Georgia,*
297 F.3d 416 (5th Cir. 2002) ................................................................. 12

*Henrichs v. Valley View Dev.,*
474 F.3d 609 (9th Cir. 2007) ............................................................. 14-15

*\*Hudson United Bank v. Chase Manhattan Bank,*
43 F.3d 843 (3d Cir. 1994) ......................................................... 8, 12, 14, 16

*In re Savage,*
No. 02-2002, 2002 WL 31654861 (D.C. Cir. Nov. 22, 2002) ................... 6

*Midlantic Nat'l Bank/North v. Fed. Reserve Bank of N.Y.,*
814 F. Supp. 1195 (S.D.N.Y. 1993) ....................................................... 11

*\*Nat'l Union Fire Ins. Co. v. City Sav.,*
28 F.3d 376 (3d Cir. 1994) ............................................................... 10, 16

Page

*Posnanski v. Gibney,*
   421 F.3d 977 (9th Cir. 2005) ................................................................................. 6

*\*Rosa v. R.T.C.,*
   938 F.2d 383 (3d Cir.), *cert. denied,* 502 U.S. 981 (1991) ......................................... 8, 13-14

*Sahni v. Am. Diversified Partners,*
   83 F.3d 1054 (9th Cir. 1996) ................................................................................ 12

*Starnes v. McGuire,*
   512 F.2d 918 (D.C. Cir. 1974) ............................................................................... 6

*\*Village of Oakwood v. State Bank & Tr. Co.,*
   539 F.3d 373 (6th Cir. 2008) ................................................................................7, 10, 11

## Statutes and Rules

12 U.S.C. §1819(b)(2)(A) ......................................................................................2, 4, 12

12 U.S.C. § 1821(i)(2) ........................................................................................... 11

12 U.S.C. § 1821(d)(2)(A) ....................................................................................... 3

12 U.S.C. § 1821(d)(5)(A) ....................................................................................... 8

12 U.S.C. § 1821(d)(6)(A) ....................................................................................2, 8, 11, 12

12 U.S.C. § 1821(d)(13)(D) ....................................................................................*passim*

28 U.S.C. § 1292(b) ..............................................................................................*passim*

28 U.S.C. § 1294 ............................................................................................... 1, 5

28 U.S.C. § 1406 ................................................................................................ 12

Fed. R. App. P. 5(a)(3) ......................................................................................... 6

Intervenor-Defendant Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this memorandum of law in opposition to the motion of plaintiffs American National Insurance Company, *et al.* to certify two orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## PRELIMINARY STATEMENT

Plaintiffs' motion purports to request certification by this Court for interlocutory appeal of two orders (the "Orders") that were entered in this action by the United States District Court for the Southern District of Texas:  (1) an order dated September 3, 2009 denying plaintiffs' motion to remand this action to Texas state court; (2) a memorandum and order dated September 9, 2009 transferring the action to this Court.  The motion for certification should be denied as to both of the Orders.

As an initial matter, the D.C. Circuit does not have jurisdiction to review an order entered by the U.S. District Court for the Southern District of Texas.  *See* 28 U.S.C. § 1294(1).  Even if certification of either of the Orders were appropriate, the D.C. Circuit would decline to grant any ensuing motion by plaintiffs for permission to appeal for lack of appellate jurisdiction.  The certification requested by plaintiffs would be a nullity, by itself justifying denial of the motion.

In any event, both of the Orders were correct, and plaintiffs' attempt to reargue their challenges to federal subject matter jurisdiction in the guise of a motion for certification under section 1292(b) should be denied, just as their motion for reconsideration of the order denying their motion to remand already was denied by Judge Hoyt in the Southern District of Texas.  *See* S.D. Tex. Docket Entry No. 49.  The FDIC-Receiver properly intervened in this action, in which plaintiffs purport to assert claims against JPMorgan Chase Bank, N.A. ("JPMC Bank") that seek recovery for the lost value of plaintiffs' bondholdings issued by Washington Mutual Bank ("WMB"), a failed thrift for which the FDIC-Receiver has been appointed receiver, and that

plainly relate to alleged acts or omissions of the FDIC-Receiver as WMB's receiver.  Those claims are subject to the exclusive receivership claims process set forth in the Federal Deposit Insurance Act, as amended.

The Southern District of Texas correctly denied plaintiffs' remand motion because the FDIC-Receiver properly intervened.  This action therefore is deemed to arise under federal law. *See* 12 U.S.C. § 1819(b)(2).  The Texas district court also was correct in transferring the action to this Court in accordance with the FDI Act, which specifies this Court as one of the two specified federal districts where any action concerning the WMB receivership claims process may be brought.  *See* 12 U.S.C. § 1821(d)(6)(A).

Finally, plaintiffs' constitutional challenges are without merit.  There is no due process right to litigate in Texas state court, rather than federal court, or to litigate in the Southern District of Texas instead of the District for the District of Columbia.  The motion for certification should be denied.

## BACKGROUND

### A.    Plaintiffs' Petition

Plaintiffs are affiliated insurance companies that allege that they own bonds issued by WMB and own common stock and bonds issued by WMB's former holding company, Washington Mutual, Inc. ("WMI").  Pet., ¶¶ 29, 72-75, 80-87.  Defendant JPMC Bank is a national bank and a subsidiary of JPMorgan Chase & Co. ("JPMC").  Pet., ¶ 11.

WMB was a savings and loan association with its principal place of business in Seattle, Washington.  Pet., ¶ 33.  On September 25, 2008, WMB's chartering authority, the Office of Thrift Supervision, issued an order closing WMB and appointing the FDIC-Receiver as its receiver.  Pet., ¶ 64.  By operation of law, the FDIC-Receiver succeeded to "all rights, titles,

powers, and privileges of [WMB] and of any stockholder, member, accountholder, depositor, officer or director of [WMB] with respect to the institution and the assets of the institution." 12 U.S.C. § 1821(d)(2)(A). Following its appointment, the FDIC-Receiver sold substantially all of WMB's assets to JPMC Bank pursuant to a Purchase and Assumption Agreement dated as of September 25, 2008 (the "P&A Agreement"). *See* Pet., ¶ 67. On September 26, 2008, WMI filed a petition for relief under chapter 11 of the Bankruptcy Code. Pet., ¶ 70.

Plaintiffs allege that because of the WMB receivership and WMI's subsequent bankruptcy, their WMI stock is "worthless," the WMI bonds they hold are "substantially impaired" and they do not expect to receive "any recovery on their claims" against the FDIC-Receiver with respect to their WMB bonds. *See* Pet., ¶¶ 70, 71. The plaintiffs allege that "WMB, through the FDIC as receiver for WMB, has failed and refused to meet its obligations under the bond contracts," and that JPMC and JPMC Bank knew "that their actions in causing the seizure and sale out of the FDIC receivership would interfere with Plaintiffs' rights under the bond contracts." Pet., ¶¶ 90, 91.

Plaintiffs assert three causes of action against JPMC Bank and JPMC: for tortious interference with contract; for breach of a confidentiality agreement; and for unjust enrichment. *See* Pet., ¶¶ 88-103. All of plaintiffs' alleged damages arise from the alleged loss of value of plaintiffs' holdings of securities that were issued by WMB or WMI. *See* Pet., ¶¶ 91-93 ("WMB, through the FDIC as receiver for WMB, has failed and refused to meet its obligations under the bond contracts"), ¶ 99 (as a result of JPMC's alleged breach of confidentiality agreement, "the value of Plaintiff's common stock was rendered worthless and the contractual rights underlying the Bonds are of no value"), ¶¶ 101-03 (defendants engaged in various alleged misconduct "in

order to obtain the WMB assets at below market prices out of the FDIC receivership,

unencumbered of Plaintiffs' contractual rights to payment").

### B. Procedural Background

Plaintiffs filed their Petition on or around February 24, 2009 in the 122nd District Court

of Galveston County, Texas. On March 25, 2009, the FDIC-Receiver served and filed its Plea in

Intervention in the state court action, thereby properly becoming a party to the action as an

intervenor-defendant. The FDIC-Receiver intervened on the grounds, *inter alia*, that the

plaintiffs' claims violated the jurisdictional bar of FIRREA, which expressly bars "any claim

relating to any act or omission of" either a failed institution or the FDIC as its receiver, or "any

action . . . seeking a determination of rights with respect to the assets of any" failed depository

institution. 12 U.S.C. §§ 1821(d)(13)(D)(i), (ii).

On the same day, the FDIC-Receiver timely removed the action to the United States

District Court for the Southern District of Texas on the ground that all suits in which the FDIC is

a party in any capacity "shall be deemed to arise under the laws of the United States." 12 U.S.C.

§1819(b)(2)(A). On April 1, 2009, the FDIC-Receiver moved to transfer the action to this Court

or to dismiss for improper venue. JPMC Bank and JPMC also filed motions to transfer the

action to this Court. Plaintiffs filed their motion for remand on April 21, 2009.

In an order entered on September 3, 2009, United States District Judge Kenneth M. Hoyt

denied plaintiffs' motion for remand. On September 9, 2009, plaintiffs moved for

reconsideration of that order. The motion for reconsideration also expressly included a motion

for certification of the decision for interlocutory appeal pursuant to 28 U.S.C. § 1292(b),

precisely the relief that plaintiffs are seeking here.

In an order entered on September 9, 2009, Judge Hoyt granted the motions to transfer, correctly concluding that "the plaintiffs' suit is related to actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2009." [Docket Entry No. 48 at 4-5]  On September 11, 2009, before the transfer to this Court had been completed, Judge Hoyt entered an order denying plaintiffs' motions for reconsideration and certification for interlocutory appeal.  [Docket Entry No. 49]

## ARGUMENT

## THE MOTION FOR CERTIFICATION SHOULD BE DENIED

I.     **ONLY THE FIFTH CIRCUIT CAN REVIEW ORDERS ENTERED BY THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS**

Certification of the Orders entered by Judge Hoyt of the Southern District of Texas should be denied because the D.C. Circuit does not have appellate jurisdiction to hear appeals from decisions of a district court that sits within the Fifth Circuit.  *See* 28 U.S.C. § 1294(1).[1]  As a result, even if certification of the Orders for interlocutory appeal were granted by this Court pursuant to 28 U.S.C. § 1292(b) (which it should not be for the reasons set forth below), the D.C. Circuit would lack appellate jurisdiction to consider an appeal from the Orders and therefore

---

[1] Section 1294 provides:

> Except as provided in sections 1292(c), 1292(d), and 1295 of this title, appeals from reviewable decisions of the district and territorial courts shall be taken to the courts of appeals as follows:

> (1)     From a district court of the United States to the court of appeals for the circuit embracing the district;

> (2)     From the United States District Court for the District of the Canal Zone, to the Court of Appeals for the Fifth Circuit;

> (3)     From the District Court of the Virgin Islands to the Court of Appeals for the Third Circuit;

> (4)     From the District Court of Guam to the Court of Appeals for the Ninth Circuit.

28 U.S.C. § 1294.

would be unable to grant permission to appeal from them.[2]  *See In re Savage*, No. 02-2002, 2002 WL 31654861, at *1 (D.C. Cir. Nov. 22, 2002) (writ of mandamus); *see also Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005) ("We know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit . . .").

This does not mean that plaintiffs are without appellate recourse.  However, to pursue an interlocutory appeal from the remand or transfer Orders entered by the Southern District of Texas, they would first need to obtain an order transferring this action back to that district.  *See Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974); *see also Posnanski*, 421 F.3d at 980-81.  Such a procedure would be entirely unwarranted here.

Plaintiffs already moved for reconsideration by the Southern District of Texas of that court's decision denying their remand motion, which Judge Hoyt correctly denied.  [Docket Entry No. 49]  Moreover, plaintiffs' motion for reconsideration in Texas *expressly* sought the very relief that plaintiffs are again seeking here – certification of the remand decision for interlocutory appeal – which Judge Hoyt denied *sub silentio* in denying reconsideration.  Given these prior proceedings, it is clear that sending this action back to the Southern District of Texas would have no effect other than to delay the ultimate resolution of this action.

---

[2] Both the Judicial Code and the Federal Rules of Appellate Procedure make clear that the district court that entered a challenged order is the court that must amend the order to make the finding required under 28 U.S.C. § 1292(b).  *See* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order."); Fed. R. App. P. 5(a)(3) ("the district court may amend *its order* . . . to include the required permission or statement") (emphasis added).

## II.    THE ORDERS DO NOT MERIT CERTIFICATION FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

Certification of the Orders for interlocutory appeal is not warranted under 28 U.S.C.

§ 1292(b).  There is no "substantial ground for difference of opinion" with respect to either of the

Orders.  Judge Hoyt correctly denied plaintiffs' remand motion and transferred the action to this

Court.

Based on plaintiffs' own allegations, it is apparent that their claims seek recovery for the

lost value of their WMB bonds.  *See* Pet., ¶¶ 91-93 ("WMB, through the FDIC as receiver for

WMB, has failed and refused to meet its obligations under the bond contracts"), ¶ 99 (as a result

of JPMC's alleged breach of confidentiality agreement, "the value of Plaintiff's common stock

was rendered worthless and the contractual rights underlying the Bonds are of no value"),

¶¶ 101-03 (defendants engaged in various alleged misconduct "in order to obtain the WMB

assets at below market prices out of the FDIC receivership, unencumbered of Plaintiffs'

contractual rights to payment").

Such claims are subject to the exclusive receivership claims process provided for under

the FDI Act, as amended, *inter alia*, by the Financial Institutions Reform, Recovery and

Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA").  Plaintiffs' attempt to

pursue recovery with respect to those losses against JPMC Bank, the assuming bank under a

purchase and assumption agreement, reflects an impermissible end-run around that exclusive

claims process, and federal law expressly provides that "no court shall have jurisdiction" over

such an action.  12 U.S.C. § 1821(d)(13)(D); *see Village of Oakwood v. State Bank & Tr. Co.*,

539 F.3d 373, 385-86 (6th Cir. 2008).

Section 1821(d)(13)(D) provides:

> (D)    **Limitation on judicial review**
>
> Except as otherwise provided in this subsection, no court shall have jurisdiction over –
>
> (i)    any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the Corporation has been appointed receiver, including assets which the Corporation may acquire from itself as such receiver; or
>
> (ii)    any claim relating to any act or omission of such institution or the Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

The jurisdictional bar works with FIRREA's receivership claims provisions to impose a "statutory exhaustion requirement" that is "explicitly jurisdictional." *Rosa v. R.T.C.*, 938 F.2d 383, 395 (3d Cir.), *cert. denied*, 502 U.S. 981 (1991); *see Freeman v. F.D.I.C.*, 56 F.3d 1394, 1400 (D.C. Cir. 1995) (effect of claims and jurisdictional bar provisions is to require a claimant "to first exhaust administrative remedies by filing an administrative claim under the FDIC's administrative claims process"); *Hudson United Bank v. Chase Manhattan Bank*, 43 F.3d 843, 849 (3d Cir. 1994) ("the purpose of § 1821(d)(5)(A) and (d)(13)(D) was to force plaintiffs . . . to file their claims under FIRREA's administrative claims procedures before filing them in federal court").

A person whose receivership claim has been disallowed by the FDIC as receiver for a failed bank may pursue an administrative appeal within the FDIC or commence an action in one of two federal district courts – this Court or the federal district in which the failed bank had its principal place of business – seeking a judicial determination of the disallowed claim. *See* 12 U.S.C. § 1821(d)(6)(A). Other than as thus provided, "no court shall have jurisdiction over" a

"claim" or "action" that is subject to the jurisdictional bar.  12 U.S.C. § 1821(d)(13)(D); *see*

*Freeman*, 56 F.3d at 1400.

By its terms, the jurisdictional bar deprives courts of subject matter jurisdiction over three

types of claim or action:  (1) "any claim or action for payment from . . . the assets of any

depository institution for which the Corporation has been appointed receiver"; (2) "any action

. . . seeking a determination of rights with respect to[] the assets of any depository institution for

which the Corporation has been appointed receiver . . ."; and (3) "any claim relating to any act or

omission of such institution or the Corporation as receiver."  12 U.S.C. § 1821(d)(13)(D); *see*

*Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999) ("There is

consensus among the circuits that all claims that fall into these categories are subject to the

exhaustion requirement . . .").

Plaintiffs' claims for recovery of the lost value of their WMB bonds are subject to this

exclusive receivership claims process and FIRREA's jurisdictional bar.  Plaintiffs allege that

their WMB bonds are "worthless" because of the FDIC-Receiver's sale of WMB assets at a "fire

sale" price,.  Pet. ¶ 21.  Further, they allege that "WMB, through the FDIC as receiver for WMB,

has failed and refused to meet its obligation under the bond contracts," Pet. ¶ 90, an essential link

in the chain of causation for the harm that plaintiffs allege to have suffered.  There is no doubt,

given these allegations (among many others) that plaintiffs' claims "relat[e] to acts or omissions

of" the FDIC-Receiver and therefore violate the jurisdictional bar.  *See* 12 U.S.C. §

1821(d)(13)(D)(ii).

Similarly, plaintiffs' allegation that the price paid by JPMC Bank for the assets of WMB

did not "properly compensat[e] the company or its stakeholders," Pet. ¶ 30, shows that their

claims seek "a determination of rights with respect to [] the assets" of WMB, namely, the assets

9

that plaintiffs contend were acquired from the FDIC-Receiver by JPMC Bank at allegedly too low a price. Those claims also are barred except to the extent asserted through the receivership claims process. 12 U.S.C. § 1821(d)(13)(D)(i); *see Freeman* 56 F.3d at 1402.

That plaintiffs have attempted to plead their claims under state law theories against JPMC does not alter this conclusion. "One of the important goals of FIRREA is to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation." *Nat'l Union Fire Ins. Co. v. City Sav.*, 28 F.3d 376, 388 (3d Cir. 1994). Plaintiffs' assertion of claims against JPMC and JPMC Bank that are subject to FIRREA's exclusive claims process subjects the FDIC-Receiver to the litigation burden that Congress sought to prevent. This is the conclusion reached by the Sixth Circuit in a decision involving similar facts and claims, *Village of Oakwood v. State Bank & Tr. Co.*

In *Village of Oakwood*, uninsured depositors of a failed bank sued the assuming bank under a purchase and assumption agreement for losses they allegedly sustained as a result of their bank's failure; the FDIC was not initially named. Finding that the claims against the assuming bank were subject to FIRREA's exclusive claims process, the district court granted summary judgment, and the Sixth Circuit affirmed. In doing so, the appellate court considered and rejected the argument that claims against the assuming bank were beyond the scope of the jurisdictional bar because they were not "claims against a depository institution for which the [FDIC was] receiver." The problem with this argument, the Sixth Circuit held, was that the plaintiffs' claims against the assuming bank were "directly related to acts or omissions of the FDIC as the receiver of Oakwood." *Id.* at 386. "[P]ermit[ting] claimants to avoid [the] provisions of (d)(6) and (d)(13) by bringing claims against the assuming bank," the *Village of*

*Oakwood* court reasoned, ". . . would encourage the very litigation that FIRREA aimed to avoid." *Village of Oakwood*, 539 F.3d at 386 (quoting district court opinion).

The reasoning of *Village of Oakwood* applies four-square to plaintiffs' claims against JPMC and JPMC Bank here. Those claims "directly relate" to acts or omissions of the FDIC-Receiver of WMB, and it is the lost value of their WMB bonds that plaintiffs seek to recover.[3] FIRREA provides an avenue for relief for those alleged losses – filing a claim with the FDIC-Receiver and, if that claim is disallowed, bringing an action for a judicial determination in either this Court or in the Western District of Washington. *See* 12 U.S.C. §§ 1821(d)(6)(A), (d)(13)(D).[4] Plaintiffs' efforts to distinguish *Village of Oakwood* cannot overcome the allegations in plaintiffs' own Petition, which demonstrate why the jurisdictional bar applies. *See supra* at 9-10.

Judge Hoyt therefore correctly denied plaintiffs' motion for remand, which was predicated entirely on an attack on the FDIC-Receiver's intervention and removal of the action

---

[3] Plaintiffs have admitted as much in the briefing on this motion, in which they have asserted that any recovery they might obtain in the receivership claims process "would be limited to the plaintiffs' statutory allotment under FIRREA. In most cases, payment from the receiver would be less than a lawsuit directly against the original wrongdoer." Pl. Reply Mem. at 11. This assertion demonstrates why plaintiffs' claims must be subject to the jurisdictional bar. Otherwise, FIRREA's receivership claims process would be overrun by collateral litigation against third parties of claims that FIRREA requires to be asserted exclusively through that process.

[4] In this instance, the FDIC-Receiver has recognized WMB's bonds "as legitimate liabilities of the receivership" and has informed holders of those bonds that the FDIC-Receiver intends to issue Receivership Certificates with respect to them. *See* Exh. A (Declaration of John J. Clarke, Jr., dated June 15, 2009, filed in *Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.)). This represents payment in full with respect to those bonds under applicable law. *See* 12 U.S.C. § 1821(i)(2); *Franklin Bank v. F.D.I.C.*, 850 F. Supp. 845, 848 (N.D. Cal. 1994) ("Because Franklin has received a Receiver's Certificate for the whole amount of its claim, it has received 'payment' . . ."); *Midlantic Nat'l Bank/North v. Fed. Reserve Bank of N.Y.*, 814 F. Supp. 1195, 1197 (S.D.N.Y. 1993) ("Midlantic is not entitled to any relief beyond what the FDIC has given it – a Receiver's Certificate for the full amount of the money judgment.").

from Texas state court. Intervention was well-justified, among other reasons because the FDIC

has a broad "interest in protecting the proper and consistent application of the Congressionally

designed framework to ensure the safety and soundness of the federal deposit insurance system."

*Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416, 424 (5th Cir. 2002); *see also*

*Arends v. Eurobank & Tr. Co.*, 146 F.R.D. 42, 48 (D.P.R. 1993) ("If a P&A Agreement comes

under attack, whether by local or state authorities or other interested parties, FDIC naturally must

do what it can to avoid precedents that may hinder future agreements regarding bank transfers.");

*see generally Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1057 (9th Cir. 1996) ("The

FDIC's power to liquidate the assets of a failed institution is critical to its ability to rescue failed

institutions and the FDIC would suffer injury if this power was constrained."). Once the FDIC-

Receiver was a party, the entire action was "deemed to arise under the laws of the United

States," 12 U.S.C. § 1819(b)(2)(A), conferring "instant subject matter jurisdiction over the case."

*Heaton*, 297 F.3d at 426.

Judge Hoyt's decision to transfer the action to this Court pursuant to 28 U.S.C. § 1406

also was clearly correct. An action subject to the FIRREA claims provisions with respect to the

WMB receivership only may be brought in this Court or in the Western District of Washington.

*See* 12 U.S.C. § 1821(d)(6)(A). Once the Texas district court concluded that the exclusive

receivership process was implicated by plaintiffs' claims, it was required to transfer the action to

one of those two courts in accordance with the statute. *See Hudson United Bank*, 43 F.3d at 846-

49 (affirming transfer of venue of action against FDIC and purchaser of failed bank assets);

*Family Realty & Constr. Co. v. Mfrs. & Traders Tr. Co.*, 931 F. Supp. 141, 145-46 (N.D.N.Y.

1996) (granting motion of FDIC as intervenor to transfer action pursuant to § 1821(d)(6)(A)).

Aside from a single bankruptcy court decision that is subject to pending appeals, plaintiffs' sources of putative authority consist of inapposite dicta and decisions that do not concern the relevant provisions of the jurisdictional bar.  In *F.D.I.C. v. McFarland*, 243 F.3d 876 (5th Cir. 2001), unlike this case, no one asserted a claim relating to acts or omissions of the FDIC as receiver or challenged the sale price obtained by the FDIC in a purchase and assumption agreement.  Instead, the case concerned whether a private assignee of assets from a receivership could invoke a different provision of FIRREA to overcome the application of a Louisiana mortgage reinscription law.

The Third Circuit decision in *Rosa v. R.T.C*, 938 F.2d 383 (3d Cir. 1991), also is no help to plaintiffs.  Contrary to plaintiffs' characterization of that decision, the court there did not hold that "claims against a successor bank that is not in receivership are not subject to the jurisdictional bar."  Pl. Mem. at 9.  In *Rosa*, three different failed banks were subject to an injunction directing them to make contributions to an underfunded pension plan.  The court of appeals examined the claims that were asserted against each of the three banks and considered whether each was a "claim" or "action" that fell within the plain language of section 1821(d)(13)(D).  The first two banks were in receivership.  As a result, "no court" had jurisdiction to order those banks to pay underfunded pension liabilities.  Such an order would require "payment from . . . the assets of [a] depository institution for which the Corporation ha[d] been appointed receiver," in violation of section 1821(d)(13)(D)(i).  *Rosa*, 938 F.2d at 393-94. The third bank was not in receivership, however, and an order requiring that bank to contribute funds to cure a pension plan's underfunded liabilities would not require "payment from . . . the assets" of a bank in receivership.  The jurisdictional bar therefore did not apply.  *Rosa*, 938 2d at 394.

No one has argued that plaintiffs' claims against JPMC Bank and JPMC in this case are barred because they require "payment from the assets" of a failed bank. In contrast with the action for an injunction in *Rosa*, however, plaintiffs' claims here *do* "relat[e] to any act or omission" of the FDIC-Receiver and also seek "a determination of rights with respect to" the assets of a failed depository institution, Washington Mutual Bank. *See Rosa*, 938 F.2d at 394 (concluding that ERISA claims at issue in *Rosa* were not ones seeking a "determination of rights" with respect to failed bank assets).

In *Hudson United Bank*, the Third Circuit held that the jurisdictional bar and FIRREA's venue provision applied to an action against the FDIC as receiver and concluded that transfer of such an action was proper under 12 U.S.C. § 1821(d)(6), the provision relied upon by Judge Hoyt to transfer this action here. *See Hudson United Bank*, 43 F.3d at 848-49. The *Hudson* court was never called upon to decide whether similar reasoning would extend to an action brought solely against an assuming bank, although in *Hudson*, as in this case, an assuming bank was a co-defendant with the FDIC.[5]

Plaintiffs also mistakenly rely on a quotation excerpted from a brief filed by the FDIC in opposition to certiorari following the Ninth Circuit decision in *Henrichs v. Valley View Dev.*, 474 F.3d 609 (9th Cir. 2007). In *Henrichs*, a private party sought unsuccessfully to invoke the jurisdictional bar to avoid a quiet title judgment obtained against him. The FDIC's only connection to the controversy was that the plaintiff had acquired the assets from the FDIC as

---

[5] In a footnote describing its earlier decision in *Rosa*, the *Hudson* court wrote that *Rosa* had held that "'[§1821(d)(13)(D)](i) applied only to claims against failed institutions while (ii) applied to claims against failed institutions specified in (i) as well as to claims against the receiver of such institutions.'" *Hudson*, 43 F.3d at 848 n.6. Neither *Rosa* nor section 1821(d)(13)(D) is so limited, however, as the *Rosa* opinion itself makes clear. *See Rosa*, 938 F.2d at 393 ("Thus the bar embodied in clause (i) reaches (1) claims for payment from the assets of City Federal or City Savings Bank, (2) actions for payment from those assets and (3) actions *for a determination of rights with respect to those assets.*") (emphasis added).

receiver.  Unlike this case, no party in *Henrichs* asserted claims relating to acts or omissions of a failed bank or of the FDIC as its receiver.  No party sought double recovery from an assuming bank of claims that were subject to FIRREA's exclusive claims process, as plaintiffs do here.

The decision in *Auction Co. of Amer. v. F.D.I.C.*, 141 F.3d 1198 (D.C. Cir. 1998), also provides plaintiffs no support.  The contract with the FDIC that was at issue there "related to the assets of an unspecified number of unnamed depositories," not any specific failed bank, and the D.C. Circuit therefore concluded that claims for breach of that contract fell outside the scope of section 1821(d)(13)(D).  *Id.* at 1201-02.  The facts here, which relate to alleged acts or omissions of WMB and of the FDIC-Receiver as its receiver, are obviously different.

Finally, plaintiffs point to a bench ruling by the judge presiding over WMI's bankruptcy cases which denied motions by the FDIC-Receiver and JPMC Bank to stay two adversary proceedings in favor of WMI's action against the FDIC-Receiver here, *Washington Mutual, Inc. v. F.D.I.C.*, No. 1:09-cv-0533 (RMC) (D.D.C.).  The court there concluded that the jurisdictional bar did not apply to claims asserted by the debtor WMI against JPMC Bank, rather than against the FDIC-Receiver.  The FDIC-Receiver respectfully submits that this ruling constitutes reversible error, and it is now pursuing an appeal of the ruling to either the Delaware district court or the Third Circuit.  Far from being "polarized," as the plaintiffs contend in their motion, the decisions applying FIRREA's jurisdictional bar are in harmony with Judge Hoyt's Orders, and the bankruptcy court's erroneous ruling is a lone exception.

## III.    PLAINTIFFS' DUE PROCESS ARGUMENTS ARE WITHOUT MERIT

Contrary to plaintiffs' assertions, no due process concerns are raised by Judge Hoyt's Orders denying plaintiffs' motion to remand and transferring the action to this Court.  Plaintiffs' motion acknowledges that "[t]he 'root requirement' of due process is 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.'"

*Freeman*, 56 F.3d at 1403 (citing *Boddie v. Connecticut*, 401 U.S. 371, 378-79) (1971) (emphasis in original)); *see* Pls. Mot. at 15. That requirement certainly has been satisfied.

*First*, plaintiffs have not been deprived of any opportunity to be heard as a result of the Orders. To the contrary, the only effect of the Orders has been to require them to litigate their claims in this Court rather than in Texas state court. This is not a constitutional violation.

*Second*, the courts have recognized that FIRREA's exclusive claims process and the jurisdictional bar satisfy due process requirements where a party has been afforded an opportunity to assert claims against a failed bank receivership, and plaintiffs cannot dispute they received such an opportunity here. *See Freeman*, 56 F.3d at 1403-05; *Hudson*, 43 F.3d at 851-52. Only a complete prohibition of claims "in both administrative proceedings and courts of law would as applied to that party constitute a deprivation of property without due process of law." *Nat'l Union*, 28 F.3d at 390 n.16. No such circumstances could be alleged in this case, however, where any WMB bonds plaintiffs hold will be entitled to receivership certificates representing payment in full for those interests under applicable law. *See supra* at 11 n.4.

*Finally*, none of plaintiffs' claims have been dismissed as a result of the Orders. Any challenge to some future dismissal of those claims, in whole or in part, that might be predicated on the application of the jurisdictional bar therefore is not ripe.

## CONCLUSION

For the foregoing reasons, the FDIC-Receiver respectfully submits that the plaintiffs'

motion for certification of the Orders for interlocutory appeal pursuant to 12 U.S.C. § 1292(b)

should be denied

Dated:  Washington, D.C.                    Respectfully submitted,
           October 28, 2009


                                               /s/ Deana L. Cairo
                                              David Clarke, Jr. (D.C. Bar. No. 396002)
                                              david.clarke@dlapiper.com
                                              Deana L. Cairo (D.C. Bar No. 469628)
                                              deana.cairo@dlapiper.com
                                              DLA Piper LLP (US)
                                              500 8th Street, N.W.
                                              Washington, D.C.  20004
                                              Tel.:  (202) 799-4000
                                              Fax:  (202) 799-5000

                                                       - and -

                                              John J. Clarke, Jr. (admitted *pro hac vice*)
                                              john.clarke@dlapiper.com
                                              DLA Piper LLP (US)
                                              1251 Avenue of the Americas
                                              New York, NY 10020
                                              Tel.:  (212) 335-4500
                                              Fax:  (212) 335-4501

                                              Attorneys for the
                                                Federal Deposit Insurance Corporation,
                                                as Receiver for Washington Mutual Bank

**CERTIFICATE OF SERVICE**

The undersigned attorney for the FDIC-Receiver certifies that on this 28th day of October

2009, she caused a copy of the foregoing document to be filed via ECF which will cause

electronic notice of its filing to be served on all parties who have appeared in this action.


_/s/_      Deana L. Cairo_____
Deana L. Cairo