UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et. al.* <br><br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE & CO. and JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br> Defendants, <br><br> and <br><br> FDIC, AS RECEIVER FOR WASHINGTON MUTUAL BANK, HENDERSON, NEVADA <br><br> Intervenor. | § § § § § § § § § § § § § § § § § § § § § § <br><br> C.A. No. 1:09-CV-01743-RMC |

**JOINT REPORT OF THE MEETING AND**
**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

The parties conferred on October 16, 2009 by telephone.

Plaintiffs were represented by attorneys Gregory S. Smith, and Andrew J. Mytelka and James M. Roquemore of Greer, Herz & Adams, LLP.

Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, National Association ("JPMorgan Defendants"), were represented by attorney Stacey R. Friedman of Sullivan & Cromwell LLP.

The Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank ("FDIC-Receiver") was represented by attorneys David Clarke, Jr. and Sonal Patel of DLA Piper LLP (US).

As a result of the conference and subsequent discussions, the parties have reached the following agreements and areas of disagreement with respect to the matters listed in Local Civ. R. 16.3(c):

(1) <u>Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.</u>

Plaintiffs filed a Motion for Certification for interlocutory appeal [Doc. 64], which is pending before the Court. Plaintiffs believe that resolution of the issues upon appeal in the Plaintiffs' favor would result in the dismissal of the FDIC-Receiver as a party to this case and remand to the District Court of Galveston County, Texas. The JPMorgan Defendants and the FDIC-Receiver do not believe that Plaintiffs have met the requirements for certification pursuant to 28 U.S.C. § 1292(b).

Defendant JPMorgan Chase & Co. filed a motion to dismiss for lack of personal jurisdiction [D.I. 19], which is now pending before this Court. The JPMorgan Defendants and the FDIC-Receiver believe that additional dispositive motions can be brought within the time set forth in the scheduling order.

The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided. The parties otherwise disagree regarding whether discovery should proceed before JPMorgan Chase & Co.'s pending motion to dismiss and any additional dispositive motions are decided. The Plaintiffs object to any stay of discovery other than a stay pending a ruling on Plaintiffs' Motion for Certification. Plaintiffs propose that discovery be initiated promptly following a ruling upon the Motion for Certification. The JPMorgan Defendants and the FDIC-Receiver propose that discovery should not proceed until after the Court decides JPMorgan Chase & Co.'s pending motion to dismiss and any additional pre-answer dispositive motions, which JPMorgan Defendants and the FDIC-Receiver would promptly submit within 30 days after the Court's entry of a scheduling order.

The parties do agree, however, that to the extent that discovery is pursued in cases pending before the United States Bankruptcy Court for the District of Delaware styled *JPMorgan Chase Bank, National Association v. Washington Mutual, Inc*., Adversary Proceeding No. 09-50551 (MFW) (Bankr. D. Del.) and *Washington Mutual, Inc. v. JPMorgan Chase Bank, National Association*, Adversary Proceeding No. 09-50934 (MFW) (Bank. D. Del.) (the "Adversary Proceedings") and the United States District Court for the District of Columbia styled *Washington Mutual, Inc. et. al. v. FDIC, et. al*., No. 1:09-cv-00533 (RMC) (the "WMI Receivership Action"), by any party to those actions, and to the extent that such discovery seeks information or documents that are relevant to claims or defenses in the instant action, such discovery will continue, and the parties to the instant action shall work cooperatively to permit participation in such discovery and to otherwise coordinate discovery in this action with those actions so as to ensure, among other things, that no witness is deposed more than once in any of these actions.

(2)  <u>The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.</u>

Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but they agree that the date by which any other parties shall be joined or the pleadings amended, as well as whether some or all of the factual and legal issues can be agreed upon or narrowed, should not be resolved at least until Plaintiffs' motion for certification has been decided.

The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided.

(3)  <u>Whether the case should be assigned to a magistrate judge for all purposes, including trial.</u>

The parties cannot reach an agreement regarding a jury trial other than before a district court judge.

(4)  <u>Whether there is a realistic possibility of settling the case.</u>

The parties do not believe that this case can be promptly settled at this time.

(5)  <u>Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:</u>
   (i)    the client's goals in bringing or defending the litigation;
   (ii)   whether settlement talks have already occurred and, if so, why they did not produce an agreement
   (iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:
          (aa)  whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
          (bb)  whether ADR should take place before or after the judicial resolution of key legal issues;
   (iv)   whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
   (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

        The parties do not currently believe that the case would benefit from the Court's ADR process.

(6) <u>Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions</u>.

        Plaintiffs filed a Motion for Certification for interlocutory appeal [Doc. 64], which is pending before the Court.  Plaintiffs believe that resolution of the issues upon appeal in the Plaintiffs' favor would result in the dismissal of the FDIC-Receiver as a party to this case and remand to the District Court of Galveston County, Texas.  Plaintiffs recommend that all proceedings in this case be stayed pending entry of an order on their Motion for Certification.

        The JPMorgan Defendants and the FDIC-Receiver do not believe that Plaintiffs have met the requirements for certification pursuant to 28 U.S.C. § 1292(b).

        Defendant JPMorgan Chase & Co. filed a motion to dismiss for lack of personal jurisdiction [D.I. 19], which is now pending before this Court. The JPMorgan Defendants and the FDIC-Receiver believe that additional dispositive motions can be brought within the time set forth in the scheduling order.

(7) <u>Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. Proc. 26 (a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures</u>.

        Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

        The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but agree that these issues should not be addressed at least until Plaintiffs' motion for certification is decided.

        The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification has been decided to address these issues.

(8) <u>The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions</u>.

        Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

      The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but agree that the anticipated extent and timing of discovery should not be addressed at least until Plaintiffs' motion for certification has been decided.

      The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided. The parties otherwise disagree regarding whether discovery should proceed before JPMorgan Chase & Co.'s pending motion to dismiss and any additional dispositive motions are decided. The Plaintiffs object to any stay of discovery other than a stay pending a ruling on Plaintiffs' Motion for Certification. Plaintiffs propose that discovery be initiated promptly following a ruling upon the Motion for Certification. The JPMorgan Defendants and the FDIC-Receiver propose that discovery should not proceed until after the Court decides JPMorgan Chase & Co.'s pending motion to dismiss and any additional pre-answer dispositive motions, which JPMorgan Defendants and the FDIC-Receiver would promptly submit within 30 days after the Court's entry of a scheduling order.

      The parties do agree, however, that to the extent that discovery is pursued in the Adversary Proceedings or the WMI Receivership Action by any party to those actions, and to the extent that such discovery seeks information or documents that are relevant to claims or defenses in the instant action, such discovery will continue, and the parties to the instant action shall work cooperatively to permit participation in such discovery and to otherwise coordinate discovery in this action with those actions so as to ensure, among other things, that no witness is deposed more than once in any of these actions.

(9) <u>Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. Proc. 26 (a)(2) should be modified, and whether and when depositions of experts should occur.</u>

      Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

      The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but they agree that the appropriate schedule for exchange of expert witness reports and information pursuant to Fed. R. Civ. Proc. 26 (a)(2) should not be addressed at least until Plaintiffs' motion for certification has been decided.

      The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided to address these issues.

(10) <u>In class actions, appropriate procedures for dealing with Fed. R. Civ. Proc. 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.</u>

      Not applicable.

(11) <u>Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.</u>

At this time, the parties do not anticipate a need for bifurcation of trial and/or discovery.

(12) <u>The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).</u>

Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but they agree that the date of the pretrial conference should not be addressed at least until Plaintiffs' motion for certification has been decided.

The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided to address, among other issues, the date of a pretrial conference.

(13) <u>Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.</u>

Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but they agree that a trial date should not be addressed at least until Plaintiffs' motion for certification has been decided.

The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided to address these issues.

(14) <u>Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.</u>

Plaintiffs filed a Motion for Certification for interlocutory appeal [Doc. 64], which is pending before the Court. Plaintiffs believe that resolution of the issues upon appeal in the Plaintiffs' favor would result in the dismissal of the FDIC-Receiver as a party to this case and remand to the District Court of Galveston County, Texas. Plaintiffs request that the Court issue an order staying all proceedings in this case pending entry of an order on their Motion for Certification.

The JPMorgan Defendants and the FDIC-Receiver do not believe that Plaintiffs have met the requirements for certification pursuant to 28 U.S.C. § 1292(b).

The JPMorgan Defendants and the FDIC-Receiver do not believe a stay of the proceedings is warranted, but they agree that discovery and a scheduling order should not be addressed at least until Plaintiffs' motion for certification has been decided.

The parties agree to work cooperatively to submit a joint proposed scheduling order to the Court within 15 days after Plaintiffs' motion for certification is decided.

Dated:  November 2, 2009                           Respectfully submitted,

/s/ Gregory S. Smith                                   /s/ Bruce E. Clark
Gregory S. Smith (D.C. Bar #472802)       Bruce E. Clark (USDC Bar No. D00144)
 Law Offices of Gregory S. Smith            Robert A. Sacks (admitted *pro hac vice*)
913 East Capitol Street, S.E.                     Stacey R. Friedman (admitted *pro hac vice*)
Washington, D.C.  20003                          SULLIVAN & CROMWELL LLP
Telephone:  (202) 460-3381                      125 Broad Street
Facsimile:  (877) 809-9113                       New York, New York  10004
gregsmithlaw@verizon.net                       Telephone:  (212) 558-4000
                                                                  Facsimile:  (212) 558-3588

Andrew J. Mytelka (pro hac vice)
Texas State Bar No. 14767700               Bruce W. Hickey (D.C. Bar No. 479036)
Joseph R.  Russo, Jr. (pro hac vice)        SULLIVAN & CROMWELL LLP
Texas State Bar No. 24002879               1701 Pennsylvania Avenue, N.W.
Steve Windsor (pro hac vice)                  Washington, D.C.  20006
Texas State Bar No. 21760650               Telephone:  (202) 956-7500
James M. Roquemore (pro hac vice)     Facsimile:  (202) 293-6330
Texas State Bar No. 24058082
GREER, HERZ & ADAMS. LLP             *Attorneys  for Defendants JPMorgan Chase &*
One Moody Plaza, 18th Floor                *Co. and JPMorgan Chase Bank, N.A.*
Galveston, Texas  77550
Telephone:  (409) 797-3200
Facsimile: (409) 766-6424                       /s/ Deana L. Cairo
                                                                  David Clarke, Jr. (D.C. Bar. No. 396002)
*Attorneys for Plaintiffs*                             david.clarke@dlapiper.com
                                                                  Deana L. Cairo (D.C. Bar No. 469628)
                                                                  deana.cairo@dlapiper.com
                                                                  DLA Piper LLP (US)
                                                                  500 8th Street, N.W.
                                                                  Washington, D.C.  20004
                                                                  Tel.:  (202) 799-4000
                                                                  Fax:  (202) 799-5000
                                                                           – and –
                                                                  John J. Clarke, Jr. (admitted pro hac vice)
                                                                  john.clarke@dlapiper.com
                                                                  DLA Piper LLP (US)
                                                                  1251 Avenue of the Americas

New York, NY 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501

*Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank*