**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et. al.* § § § § Plaintiffs, § § vs. § § § JPMORGAN CHASE & CO. § and JP MORGAN CHASE BANK, § NATIONAL ASSOCIATION, § § Defendants, § § and § § § FDIC, AS RECEIVER FOR § WASHINGTON MUTUAL BANK, § HENDERSON, NEVADA § § Intervenor. § | C.A. No. 1:09-CV-01743-RMC |

**PLAINTIFFS' BRIEF STATEMENT OF THE CASE**

Plaintiffs file this brief statement of the case pursuant to the Court's Order for Initial Scheduling Conference, and respectfully show the Court the following:

Plaintiffs assert Texas state law claims of tortious interference with existing contract, breach of a confidentiality agreement, and unjust enrichment against Defendants JPMorgan Chase and Company ("JPMC") and JPMorgan Chase, N.A. ("JPMC Bank") (collectively, "Defendants") by way of an Original Petition (the "Petition") originally filed in the 122nd District Court of Galveston County, Texas. Plaintiffs seek damages from the Defendants based upon their conduct in wrongfully obtaining and misusing confidential business and financial information of Washington Mutual, Inc. ("WMI") and

1

Washington Mutual Bank ("WMB") for the purpose of stripping away the Plaintiffs' contract and property rights to assets of WMB. Among other things, the Defendants engaged in sham negotiations with WMI, which were designed to elicit confidential information, and misused and publicly leaked confidential information in order to gain an unfair advantage in obtaining WMB's long-coveted assets.

The Federal Deposit Insurance Corporation, as Receiver for WMB ("FDIC"), improperly intervened in the Texas state court in order to assert federal jurisdiction. The FDIC contends that the Plaintiffs' claims against the Defendants are subject to the claims administration process of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), even though no provision in that statute is made for administration of claims not against a financial institution in receivership or the FDIC. See 12 U.S.C. § 1821(d)(3)(A), (d)(5), (d)(6) and (d)(11). The FDIC further contends that FIRREA's exhaustion-of-remedy provision, 12 U.S.C. § 1821(d)(13)(D), immunizes the Defendants against the claims in the Plaintiffs' lawsuit, even though such an interpretation contradicts the plain meaning of FIRREA and results in an unconstitutional deprivation of the Plaintiffs' right to a full recovery of their damages caused by the Defendants.

Respectfully submitted,

By: __/s/ Gregory S. Smith_____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C. 20003
Telephone: (202) 460-3381
Facsimile: (877) 809-9113
gregsmithlaw@verizon.net

Andrew J. Mytelka (pro hac vice)
Texas State Bar No. 14767700
Joseph R. Russo, Jr. (pro hac vice)
Texas State Bar No. 24002879
Steve Windsor (pro hac vice)
Texas State Bar No. 21760650
James M. Roquemore (pro hac vice)
Texas State Bar No. 24058082
GREER, HERZ & ADAMS. LLP
One Moody Plaza, 18th Floor
Galveston, Texas  77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I certify that on November 3, 2009, a copy of the this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have appeared in this action, including the following counsel of record:

Bruce W. Hickey, Esq.
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006

Bruce E. Clark, Esq.
Robert A. Sacks, Esq.
Stacey R. Friedman, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004

Robert A. Sacks, Esq.
SULLIVAN & CROMWELL LLP
1888 Century Park East
Los Angeles, California  90067

David Clarke, Esq.
Deana L. Cairo, Esq.
DLA PIPER LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004

John J. Clarke, Jr., Esq.
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020

　　__/s/ Gregory S. Smith_____
　　Gregory S. Smith