UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank, Henderson, Nevada, *et al.*,<br><br>  Defendants. | Case No. 1:09-cv-01743 (RMC) |

**STATEMENT OF THE CASE OF DEFENDANTS**
**JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.**

Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, the "JPMorgan Defendants") respectfully submit this "brief statement of the case and statutory basis for all causes of action and defenses" as required by the Court's Order for Initial Scheduling Conference entered on October 8, 2009.  The JPMorgan Defendants state as follows:

This action, brought by Plaintiffs in Texas state court against the JPMorgan Defendants on February 16, 2009, asserts claims as holders of stock and bonds of Washington Mutual, Inc. ("WMI") and as holders of bonds of Washington Mutual Bank ("WMB").  Plaintiffs seek recovery from the JPMorgan Defendants related to the losses they claim to have suffered as a result of the seizure of WMB by the Office of Thrift Supervision and the subsequent sale of WMB's assets by the Federal Deposit

Insurance Corporation as Receiver for Washington Mutual Bank (the "FDIC-Receiver") to JPMC under a Purchase and Assumption Agreement ("P&A Agreement"). Plaintiffs purport to assert three causes of action against the JPMorgan Defendants under Texas state law: (1) tortious interference with Plaintiffs' bond contracts entered into with WMI and WMB; (2) breach of a confidentiality agreement entered into between JPMC and WMI; and (3) unjust enrichment based on the P&A Agreement entered into between the FDIC and JPMC.

On March 25, 2009, the FDIC-Receiver intervened as a defendant in the Texas state court proceedings and removed the case to the United States District Court for the Southern District of Texas, premising jurisdiction on 12 U.S.C. § 1819(b)(2)(A). The FDIC-Receiver and JPMC thereafter filed respective motions to transfer the action to this Court or, in the alternative, to dismiss the action for improper venue, because Section 212 of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 (1989) ("FIRREA"), 12 U.S.C. §§ 1821(d)(6)(A) and (d)(13)(D) prohibits the adjudication of "any action seeking a determination of rights with respect to, the assets of" a failed bank, or "any claim relating to any act or omission of [a failed bank] or the [FDIC] as receiver" for that failed bank by any court other than the D.C. District Court or the district court where the failed bank's principal place of business is located. On September 3, 2009, the district court in Texas granted the motions to transfer, expressly rejecting Plaintiffs' contention that FIRREA does not apply to its claims. The Court explained that: "In truth, the plaintiffs' suit is related to the actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2008. In many respects, the plaintiffs' case is not

unlike WMI's suit against the FDIC-Receiver that is currently pending in the District Court of the District of Columbia," which is styled *Washington Mutual, Inc.* v. *FDIC*, 1:09-cv-00533 (RMC) (D.D.C. Mar. 20, 2009). On September 25, 2009, after being transferred to the D.C. District Court, this action was reassigned to this Court as a related case to WMI's D.C. action.

The JPMorgan Defendants believe that Plaintiffs' claims are precluded by the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.*, including FIRREA as well as other non-statutory defenses, including but not limited to failure to state a claim and lack of standing.

Dated:  November 3, 2009
         New York, New York                    Respectfully submitted,

                                               /s/ Bruce E. Clark
                                               _____

| | |
|---|---|
| Bruce W. Hickey (D.C. Bar No. 479036) | Bruce E. Clark (USDC Bar No. D00144) |
| SULLIVAN & CROMWELL LLP | Robert A. Sacks (admitted *pro hac vice*) |
| 1701 Pennsylvania Avenue, N.W. | Stacey R. Friedman (admitted *pro hac vice*) |
| Washington, D.C. 20006 | SULLIVAN & CROMWELL LLP |
| Telephone: (202) 956-7500 | 125 Broad Street |
| Facsimile: (202) 293-6330 | New York, New York 10004 |
| | Telephone: (212) 558-4000 |
| | Facsimile: (212) 558-3588 |
| | |
| | *Counsel for Defendants JPMorgan Chase & Co.* |
| | *and JPMorgan Chase Bank, N.A.* |