IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al*,<br><br>     Plaintiffs,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank, Henderson, Nevada, *et al.*,<br><br>     Defendants. | Case No. 1:09-cv-01743 (RMC) |

**FDIC-RECEIVER'S STATEMENT IN ADVANCE OF
INITIAL SCHEDULING CONFERENCE**

Pursuant to the Court's Order for Initial Scheduling Conference dated October 8, 2009, and in anticipation of the initial scheduling conference to be held in this action on Friday, November 6, 2009, intervenor-defendant the Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this brief statement of the case and the statutory basis for causes of action and defenses in this action.

### A.   Plaintiffs' Petition

Plaintiffs are affiliated insurance companies that allege that they own bonds issued by Washington Mutual Bank ("WMB") and own common stock and bonds issued by WMB's former holding company, Washington Mutual, Inc. ("WMI").  Pet., ¶¶ 29, 72-75, 80-87. Defendant JPMorgan Chase Bank, National Association ("JPMC Bank") is a national bank and a subsidiary of defendant JPMorgan Chase & Co. ("JPMC").  Pet., ¶ 11.

WMB was a savings and loan association with its principal place of business in Seattle, Washington.  Pet., ¶ 33.  On September 25, 2008, WMB's chartering authority, the Office of

Thrift Supervision, issued an order closing WMB and appointing the FDIC-Receiver as its receiver.  Pet., ¶ 64.  By operation of law, the FDIC-Receiver succeeded to "all rights, titles, powers, and privileges of [WMB] and of any stockholder, member, accountholder, depositor, officer or director of [WMB] with respect to the institution and the assets of the institution."  12 U.S.C. § 1821(d)(2)(A).  Following its appointment, the FDIC-Receiver sold substantially all of WMB's assets to JPMC Bank pursuant to a Purchase and Assumption Agreement dated as of September 25, 2008 (the "P&A Agreement").  *See* Pet., ¶ 67.  On September 26, 2008, WMI filed a petition for relief under chapter 11 of the Bankruptcy Code.  Pet., ¶ 70.

Plaintiffs allege that because of the WMB receivership and WMI's subsequent bankruptcy, their WMI stock is "worthless," the WMI bonds they hold are "substantially impaired" and they do not expect to receive "any recovery on their claims" against the FDIC-Receiver with respect to their WMB bonds.  *See* Pet., ¶¶ 70, 71.  The plaintiffs allege that "WMB, through the FDIC as receiver for WMB, has failed and refused to meet its obligations under the bond contracts," and that JPMC and JPMC Bank knew "that their actions in causing the seizure and sale out of the FDIC receivership would interfere with Plaintiffs' rights under the bond contracts."  Pet., ¶¶ 90, 91.

Plaintiffs assert three causes of action against JPMC Bank and JPMC:  for tortious interference with contract; for breach of a confidentiality agreement; and for unjust enrichment.  *See* Pet., ¶¶ 88-103.  All of plaintiffs' alleged damages arise from the alleged loss of value of plaintiffs' holdings of securities that were issued by WMB or WMI.  *See* Pet., ¶¶ 91-93 ("WMB, through the FDIC as receiver for WMB, has failed and refused to meet its obligations under the bond contracts"), ¶ 99 (as a result of JPMC's alleged breach of confidentiality agreement, "the value of Plaintiff's common stock was rendered worthless and the contractual rights underlying

the Bonds are of no value"), ¶¶ 101-03 (defendants engaged in various alleged misconduct "in order to obtain the WMB assets at below market prices out of the FDIC receivership, unencumbered of Plaintiffs' contractual rights to payment").

### B. Procedural History

Plaintiffs filed their Petition on or around February 24, 2009 in the 122nd District Court of Galveston County, Texas. On March 25, 2009, the FDIC-Receiver served and filed its Plea in Intervention in the state court action, thereby properly becoming a party to the action as an intervenor-defendant. The FDIC-Receiver intervened on the grounds, *inter alia*, that the plaintiffs' claims violated the jurisdictional bar of the Federal Deposit Insurance Act, as amended *inter alia* by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 183 ("FIRREA"), which expressly bars "any claim relating to any act or omission of" either a failed institution or the FDIC as its receiver, or "any action . . . seeking a determination of rights with respect to the assets of any" failed depository institution. 12 U.S.C. §§ 1821(d)(13)(D)(i), (ii).

On the same day, the FDIC-Receiver timely removed the action to the United States District Court for the Southern District of Texas on the ground that all suits in which the FDIC is a party in any capacity "shall be deemed to arise under the laws of the United States." 12 U.S.C. §1819(b)(2)(A). On April 1, 2009, the FDIC-Receiver moved to transfer the action to this Court or to dismiss for improper venue. JPMC Bank and JPMC also filed motions to transfer the action to this Court. Plaintiffs filed their motion for remand on April 21, 2009.

In an order entered on September 3, 2009, United States District Judge Kenneth M. Hoyt denied plaintiffs' motion for remand. On September 9, 2009, plaintiffs moved for reconsideration of that order or in the alternative to certify that order for interlocutory appeal

3

pursuant to 28 U.S.C. § 1292(b).  In an order entered on September 9, 2009, Judge Hoyt granted the motions to transfer, correctly concluding that "the plaintiffs' suit is related to actions taken by the FDIC-Receiver when it sold substantially all of the assets of WMB to JPMC Bank on September 25, 2009."  [Docket Entry No. 48 at 4-5]  On September 11, 2009, before the transfer to this Court had been completed, Judge Hoyt entered an order denying plaintiffs' motion for reconsideration and, *sub silentio*, plaintiffs' motion for certification of the order denying remand for interlocutory appeal.  [Docket Entry No. 49]

       **C.**      **Statutory Basis for FDIC-Receiver's Defenses**

Plaintiffs' claims are subject, in whole or in part, to the exclusive receivership claims process provided for under FIRREA.  *See* 12 U.S.C. §§ 1821(d)(5), 1821(d)(6)(A), 1821(d)(13)(D).  Plaintiffs' attempt to pursue recovery with respect to those losses against JPMC Bank, the assuming bank under a purchase and assumption agreement, reflects an impermissible end-run around that exclusive claims process, and federal law expressly provides that "no court shall have jurisdiction" over such an action.  12 U.S.C. § 1821(d)(13)(D); *see also* 12 U.S.C. § 1821(i)(2) (maximum liability provision of FDI Act).

The FDIC-Receiver believes that a significant portion of the Petition is subject to dismissal on this basis and is prepared to submit a motion to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(c) promptly.  In their joint report, the parties have suggested that such a motion, and any additional pleadings-based motions that might be filed by JPMC Bank or JPMC, be due within 30 days after the Court enters a scheduling order in this action.

Dated:  Washington, D.C.
       November 3, 2009

Respectfully submitted,

 /s/ David Clarke, Jr.
David Clarke, Jr. (D.C. Bar. No. 396002)
david.clarke@dlapiper.com
Deana L. Cairo (D.C. Bar No. 469628)
deana.cairo@dlapiper.com
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Tel.:  (202) 799-4000
Fax:  (202) 799-5000

- and -

John J. Clarke, Jr. (admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501

Attorneys for the
  Federal Deposit Insurance Corporation,
  as Receiver for Washington Mutual Bank

6

**CERTIFICATE OF SERVICE**

The undersigned attorney for the FDIC-Receiver certifies that on this 3rd day of November 2009, he caused a copy of the foregoing document to be filed via ECF which will cause electronic notice of its filing to be served on all parties who have appeared in this action.

>  /s/    David Clarke, Jr.
>  David Clarke, Jr.