UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al.*,<br><br>             Plaintiffs,<br><br>        v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for Washington Mutual Bank, Henderson, Nevada, *et al*.,<br><br>             Defendants. | Case No. 1:09-cv-01743 (RMC) |

**MEMORANDUM OF POINTS AND
AUTHORITIES OF JPMORGAN CHASE & CO. AND
<u>JPMORGAN CHASE BANK, N.A. IN SUPPORT OF THEIR MOTION TO SEAL</u>**

Bruce W. Hickey (D.C. Bar No. 479036)
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Telephone:  (202) 956-7500
Facsimile:  (202) 293-6330

Bruce E. Clark (USDC Bar No. D00144)
Robert A. Sacks (admitted *pro hac vice*)
Stacey R. Friedman (admitted *pro hac vice*)
M. David Possick (admitted *pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
Telephone:  (212) 558-4000
Facsimile:  (212) 558-3588

December 7, 2009

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

Pursuant to Local Civil Rule 5.1(j), Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (the "JPMC Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Seal the Declaration of Bruce W. Hickey, dated December 7, 2009, and that declaration's accompanying exhibit.

## STATEMENT OF RELEVANT FACTS

One of plaintiffs' claims in this case concerns their alleged rights under a confidentiality agreement whose terms are strictly confidential.  (Compl. ¶¶ 94-99.)  The JPMC Defendants are today filing their Motion to Dismiss the Complaint in this action (the "Motion to Dismiss").  In support of their Motion to Dismiss, the JPMC Defendants will also file the Declaration of Bruce W. Hickey, dated December 7, 2009, which attaches as an exhibit the confidentiality agreement put at issue by Plaintiffs.

The JPMC Defendants have advised all parties who have appeared in this action of their intent to file the Motion to Dismiss, and those parties have all indicated that they agree the exhibit associated therewith should be kept confidential and further that they do not oppose this Motion to Seal that material.

## ARGUMENT

The D.C. Circuit has explained that the question whether to seal materials filed in the course of litigation "is one best left to the sound discretion of the trial court." *United States* v. *Hubbard*, 650 F.2d 293 316-17 (D.C. Cir. 1980) (quoting *Nixon* v. *Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978)).  This discretion is "to be exercised in light of the relevant facts and circumstances of the particular case." *Hubbard*, 650 F.2d at 317.  Although there is a "'strong presumption in favor of public access to judicial proceedings,'" particularly with respect to "[a] court's decrees, its judgments, [and] its

orders," that presumption is less compelling with regard to other court papers. *EEOC* v. *Nat'l Children's Ctr. Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson* v. *Greater Southeast Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991). "Other portions of the record—such as documents filed with the court or introduced into evidence—often have a private character, diluting their role as public business." *EEOC*, 98 F.3d at 1409. Courts in this District consider six factors first articulated in *Hubbard* that "act to overcome this presumption" favoring public access to court documents. These are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*EEOC*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d 317-22).

With respect to the confidentiality agreement that is the subject of this motion, that agreement requires the parties to make appropriate efforts to protect its confidentiality and, therefore, all six *Hubbard* factors counsel toward permitting them to be filed under seal. Unlike this Court's judgments or orders, the declaration and attached confidentiality agreement the JPMC Defendants are filing with the Court today have precisely the "private nature" that "dilut[es] their role as public business," thus minimizing any need for public access to this material under factor one. *Id*. The private nature of the confidentiality agreement is further confirmed by the extent to which the parties to the agreement have attempted to restrict public access to it consistent with factor two; the parties to the agreement have to date have not publicly disclosed its

material terms. With respect to factor three, *all parties* that have appeared in this litigation agree that the confidentiality agreement should be kept confidential and do not oppose this Motion to Seal. Moreover, the confidential nature of the agreement and the purposes for which it was entered establish that factor four's concern regarding the parties' privacy interests is implicated. Because the counterparty to the agreement (Washington Mutual Inc.) is not a party to this litigation, the fifth factor—the possibility of prejudice—is implicated.[1] And finally, the basic purpose of the JPMC Defendants' submission of this material—to demonstrate that plaintiffs' purported rights in this agreement are refuted by its plain terms—establishes factor six's satisfaction.

## CONCLUSION

This Court should seal the Declaration of Bruce W. Hickey, dated December 7, 2009, and the confidentiality agreement attached thereto.

Dated:   December 7, 2009
         Washington, D.C.

Respectfully submitted,

By:   /s/ Bruce W. Hickey
      Bruce W. Hickey (D.C. Bar No. 479036)
      SULLIVAN & CROMWELL LLP
      1701 Pennsylvania Avenue, N.W.
      Washington, D.C. 20006
      Telephone: (202) 956-7500
      Facsimile: (202) 293-6330

*Counsel for Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.*

---

[1] JPMC notified Washington Mutual Inc. that the confidentiality agreement is being provided to the Court and to plaintiffs in this action and that JPMC is seeking confidential treatment of that document.

- 4 -