UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMERICAN NATIONAL<br>INSURANCE COMPANY, *et. al.* | § § § | |
| Plaintiffs, | § § | |
| vs. | § § | |
| JPMORGAN CHASE & CO.<br>and JP MORGAN CHASE BANK,<br>NATIONAL ASSOCIATION, | § § § | C.A. No. 1:09-CV-01743-RMC |
| Defendants, | § § § | |
| and | § § | |
| FDIC, AS RECEIVER FOR<br>WASHINGTON MUTUAL BANK,<br>HENDERSON, NEVADA | § § § § | |
| Intervenor. | § | |

**PLAINTIFFS' OPPOSITION TO
JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.'S
MOTION FOR A CONTINUANCE OF THE ORAL HEARING**

Plaintiffs, American National Insurance Company et al. ("Plaintiffs"), oppose JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.'s ("JPMC's") motion for continuance of the Oral Hearing currently scheduled for February 18, 2010 at 11:00 a.m. in this case for the following reasons.

1.  Just three business days before the start of the oral argument on the parties' pending motions that has been scheduled since November 6, 2009, JPMC filed a motion to continue. JPMC presents no cause for this untimely request to continue the long-scheduled oral argument. JPMC's transmittal of the correspondence of Washington Mutual, Inc. ("WMI") demonstrates that there is no valid reason to further delay this litigation. WMI's vague

1

expressions of potential interest, and wish to "discuss these issues with the parties," provides no basis—by reason of judicial economy, comity or otherwise—to delay this case.

2.      The irony of WMI's suggestion of potential intervention when the parties are already dealing with one wrongful intervention is clear.  The scheduled date of this oral argument has been known to WMI since November of 2009.  Yet WMI has not sought to intervene in this case and has not taken steps in any other judicial forum regarding the instant case, other than using the underlying petition as a means of justifying discovery in a bankruptcy forum.

3.      Plaintiffs would oppose intervention by WMI, on any basis, to address issues that may "implicate their interests."  Any intervention by WMI would unduly prejudice the Plaintiffs by confusing the law and facts.  WMI, if it intervened, would construe FIRREA in relation to bankruptcy jurisdiction.  Plaintiffs, on the other hand, assert traditional state law claims, and construe the FIRREA claims process in the context of United States Supreme Court precedent that holds that a statute does not preempt traditional state law claims unless the statute expressly provides for such preemption, which FIRREA does not.  Both Plaintiffs and WMI make valid points, but for separate and distinct reasons that do not overlap.

4.      In addition, WMI apparently desires to sue the FDIC for its actions arising out of the sale of assets to JPMC.  However, Plaintiffs assert no claim against the FDIC.  Inclusion of claims against the FDIC would confuse the Plaintiffs' action against JPMC.  Thus, while Plaintiffs and WMI both may have causes of action against JPMC, Plaintiffs, unlike WMI, have asserted no cause of action against the FDIC.

5.      Further, although WMI has monitored the Plaintiffs' lawsuit and sought discovery by use of the Plaintiffs' Petition as a primary exhibit, WMI has never filed any claim based on

the allegations in Plaintiffs' Petition. Even if WMI did file such a claim, the legal theories and injury claimed would be wholly independent of any asserted by the Plaintiffs in the instant case. As the Plaintiffs show in their briefings, each of the Plaintiffs, including Washington Mutual Bank ("WMB") bondholders, WMI bondholders, and WMI stockholders, has standing to assert claims against JPMC for their particularized injury.

6. On Thursday and Friday of last week, Plaintiffs discussed with JPMC and WMI their request for a continuance. Plaintiffs declined these requests, and explained their reasons in correspondence sent to WMI by facsimile and email on Friday. That letter is attached as Exhibit A, and is incorporated herein.

7. The Court has clear authority to determine questions of its jurisdiction, the standing of parties, and the sufficiency of pleading of claims in cases pending before it. These issues are squarely before the Court in the pending motions that are the subject of the oral argument for which JPMC seeks continuance.

8. The Court need not even reach the "standing" issue asserted by JPMC in its motion to dismiss if the Court determines that the FDIC should be dismissed due to its improper intervention. The issue of whether the FDIC improperly intervened in this case, which requires consideration of whether FIRREA applies to the Plaintiffs' state court action against JPMC, is wholly unrelated to any case that WMI has filed or may file.

9. Both JPMC and Washington Mutual have known for more than three months that oral argument in this action was set for February 18, 2010. JPMC has known since November 6, 2009 that it intended to assert a "standing" argument, and had over three months to encourage WMI to weigh in on this issue. Now, three working days before the hearing, JPMC asks for a continuance. The request is untimely.

10. Plaintiffs have already faced a year delay and much unnecessary expense caused by the improper attempt of the FDIC to intervene in this case. Now JPMC seeks to delay this case yet again, this time on the basis of the mere *possibility* of yet another intervention that also would be improper. Plaintiffs have waited long enough, and respectfully request that the Court deny JPMC's motion for continuance and proceed with oral argument and determination of the merits of the motions pending before the Court.

WHEREFORE, the Plaintiffs respectfully ask the Court to deny JPMC's motion for continuance.

Respectfully submitted,

By: __/s/ Gregory S. Smith_____
Gregory S. Smith (D.C. Bar #472802)
Law Offices of Gregory S. Smith
913 East Capitol Street, S.E.
Washington, D.C.  20003
Telephone:  (202) 460-3381
Facsimile:  (877) 809-9113
Email:   gregsmithlaw@verizon.net

Andrew J. Mytelka
Texas State Bar No. 14767700
Joseph R. Russo, Jr.
Texas State Bar No. 24002879
Steve Windsor
Texas State Bar No. 21760650
James M. Roquemore
Texas State Bar No. 24058082
GREER, HERZ & ADAMS. LLP
One Moody Plaza, 18th Floor
Galveston, Texas  77550
(409) 797-3200
(409) 766-6424 (FAX)

ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

I certify that on February 15, 2010, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have noticed their appearance in this action.

                                                                 __/s/ Gregory S. Smith_____
                                                                  Gregory S. Smith