UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN NATIONAL<br>INSURANCE COMPANY, *et. al.*<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO.<br>and JP MORGAN CHASE BANK,<br>NATIONAL ASSOCIATION,<br><br>Defendants,<br><br>and<br><br>FDIC, AS RECEIVER FOR<br>WASHINGTON MUTUAL BANK,<br>HENDERSON, NEVADA<br><br>Intervenor. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  C.A. No. 1:09-CV-01743-RMC<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' NOTICE OF DISMISSAL OF
WASHINGTON MUTUAL, INC. BONDHOLDER AND STOCKHOLDER CLAIMS**

Plaintiffs, American National Insurance Company et al. ("Plaintiffs"), give notice that they dismiss the claims noted below. As a result, Plaintiffs no longer allege any claims arising from their ownership of bonds and securities of Washington Mutual, Inc. ("WMI").

1.  Plaintiffs, bondholders of Washington Mutual Bank ("WMB"), bondholders of WMI and stockholders of WMI—all stakeholders of Washington Mutual Bank—initiated this instant lawsuit (the "Action") in the 122nd District Court of Galveston County, Texas, on February 16, 2009. In their Original Petition (the "Petition"), Plaintiffs alleged that the Defendants, JPMorgan Chase & Co and JPMorgan Chase Bank, N.A. ("JPMC"), employed an unlawful scheme to obtain the assets of WMB, stripped of obligations to stakeholders such as the

1

Plaintiffs.  Plaintiffs asserted Texas state law causes of action of tortious interference with existing contract, breach of confidentiality agreement, and unjust enrichment against JPMC.

2. The Action was subsequently removed to federal court and venue was transferred to the United States District Court for the District of Columbia.  On November 6, 2009, the Court established a briefing schedule for dispositive motions, setting oral argument for February 18, 2010.  In accordance with the Court's briefing schedule, the Plaintiffs, JPMC and the FDIC filed the following motions, which are currently pending before the Court:  (1) Plaintiffs' Motion to Dismiss FDIC as a Party and for Remand [Doc. 88], (2) JPMC's Motion to Dismiss [Doc. 89], and (3) the FDIC's Motion to Dismiss [Doc. 87].

3. In JPMC's motion to dismiss, filed on December 7, 2009, JPMC alleged that "the claims asserted by the ANICO WMI Stockholder and ANICO WMI Bondholder Plaintiffs fail for lack of standing[.]"[1]

4. Plaintiffs dispute JPMC's contention regarding standing.  As explained in Plaintiffs' memorandum, the Plaintiffs, in their Petition, "allege purposeful misconduct that was directed towards and intended to harm the Plaintiffs,"[2] and that "[t]he injury caused to the Plaintiffs—stripping away of their contract and property rights—is direct and not shared by WMI."[3]  Contrary to JPMC's assertion, the WMI bankruptcy trustee has no standing to bring the claims asserted by the Plaintiffs, which belong exclusively to Plaintiffs. *See Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 433-34 (1972) (Trustee lacked standing to sue a third party for damages incurred by debenture holders of the corporate debtor); *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (bondholders and bankruptcy estate both had

---

[1] Doc. 90, p. 9.
[2] Doc. 96, p. 16.
[3] Doc. 96, p. 17.

standing to assert separate claims against a third party arising out of the same set of facts and circumstances).

5.      During the week of February 8, 2010, counsel for WMI and counsel for JPMC contacted Plaintiffs on various occasions and requested that Plaintiffs agree to a continuance of the scheduled oral argument.  Plaintiffs declined the requests.  JPMC filed a motion for continuance on Friday, February 12, 2010, attaching a letter from WMI to the Court as the basis for the motion, which expressed WMI's desire for a continuance because "Debtors have concluded that several issues have been raised that may affect Debtors' interests."[4]  In addition, WMI suggested that it may seek "a limited intervention" in this Action or take "action with respect to the automatic stay under the Bankruptcy Code, 11 U.S.C. § 362(a)."[5]

6.      The Court subsequently granted in part, and denied in part, JPMC's request for a continuance, and reset the oral argument for March 9, 2010.

7.      Plaintiffs continue to contend that they have standing to assert all of the claims asserted in their Petition, and are prepared to argue that issue to the Court.  However, in light of the recent representations made by counsel for WMI, Plaintiffs believe that it is in their best interest to avoid the delay and expense inherent in litigating the standing of WMI bondholder and WMI stockholder Plaintiffs in this forum and in the United States Bankruptcy Court for the District of Delaware, where the WMI bankruptcy is pending.  In addition, Plaintiffs have now sold the WMI bonds that they described in the Petition.

8.      The dismissal of the named claims will simplify the procedural issues before this Court, will promote the economic and speedy disposition of the entire controversy between the

---

[4] *See* Doc. 103-1.
[5] *Id.*

parties, will not cause any delay or trial inconvenience, and will not prejudice the rights of any of the parties to this action.

9. Plaintiffs American National Insurance Company ("ANICO"), American National General Insurance Company ("ANGIC"), Farm Family Life Insurance Company ("FFLIC"), Pacific Property and Casualty Company ("Pacific"), and American National Lloyds Insurance Company ("AN Lloyds"), therefore dismiss the claims against the JPMC that are based on injuries due to ownership of WMI bonds.

10. In addition, Plaintiffs ANPAC, Garden State Life Insurance Company ("Garden State"), FFLIC and NWL, dismiss their claims against JPMC that are based on injuries due to ownership of WMI common stock.

11. As a result of this dismissal, the following Plaintiffs no longer have any interest in this lawsuit: ANGIC, Pacific, AN Lloyds, and Garden State.

12. Plaintiffs ANICO, ANPAC, FFLIC, FFCIC and NWL, who suffered injury as a result of their ownership of bonds of WMB, expressly do not dismiss any of their remaining claims against JPMC, as described in the Petition.

13. Plaintiff ANICO continues to assert the claims of tortious interference with contract, breach of confidentiality agreement, and unjust enrichment as described in the Petition, which arise from injury due to ownership of the following WMB bonds:

| ISSUER | CUSIP | COUPON | MATURITY | PURCHASE DATE | PAR/FACE |
|---|---|---|---|---|---|
| Washington Mutual Bank | 93933VAS7 | 5.5% | January 15, 2013 | October 9, 2003 | $5,300,000 |
| Washington Mutual Bank | 93933VAS7 | 5.5% | January 15, 2013 | October 14, 2003 | $5,079,000 |
| Washington Mutual Bank | 93933WAA4 | 6.875% | June 15, 2011 | October 15, 2002 | $3,000,000 |
| Washington Mutual Bank | 93933WAB2 | 5.65% | August 15, 2014 | September 16, 2004 | $5,000,000 |

14. Plaintiff ANPAC continues to assert the claims of tortious interference with contract, breach of confidentiality agreement, and unjust enrichment as described in the Petition, which arise from injury due to ownership of the following WMB bond:

| ISSUER | CUSIP | COUPON | MATURITY | PURCHASE DATE | PAR/FACE |
|---|---|---|---|---|---|
| Washington Mutual Bank | 93933WAA4 | 6.875% | June 15, 2011 | October 15, 2002 | $2,000,000 |

15. Plaintiff FFLIC continues to assert the claims of tortious interference with contract, breach of confidentiality agreement, and unjust enrichment as described in the Petition, which arise from injury due to ownership of the following WMB bond:

| ISSUER | CUSIP | COUPON | MATURITY | PURCHASE DATE | PAR/FACE |
|---|---|---|---|---|---|
| Washington Mutual Bank | 93933WAA4 | 6.875% | June 15, 2011 | May 16, 2002 | $5,000,000 |

16.     Plaintiff FFCIC continues to assert the claims of tortious interference with contract, breach of confidentiality agreement, and unjust enrichment as described in the Petition, which arise from injury due to ownership of the following WMB bond:

| ISSUER | CUSIP | COUPON | MATURITY | PURCHASE DATE | PAR/FACE |
|---|---|---|---|---|---|
| Washington Mutual Bank | 93933WAA4 | 6.875% | June 15, 2011 | October 15, 2002 | $3,200,000 |

17.     Plaintiff NWL continues to assert the claims of tortious interference with contract, breach of confidentiality agreement, and unjust enrichment as described in the Petition, which arise from injury due to ownership of the following WMB bonds:

| ISSUER | CUSIP | COUPON | MATURITY | PURCHASE DATE | PAR/FACE |
|---|---|---|---|---|---|
| Washington Mutual Bank | 93933VAS7 | 5.5% | January 15, 2013 | January 23, 2004 | $5,000,000 |
| Washington Mutual Bank | 93933VAS7 | 5.5% | January 15, 2013 | January 26, 2004 | $4,000,000 |

18.     The Plaintiffs, by this Notice, do not intend to cause any amendment to the Petition that will necessitate a responsive pleading by JPMC or the FDIC, or that will justify postponing the scheduled oral argument in this case.  After oral argument in this case, if appropriate, Plaintiffs intend to seek leave to amend their Petition to reflect the dismissal of claims described in this notice.

      Respectfully submitted,

      By:  __/s/ Gregory S. Smith_____
      Gregory S. Smith (D.C. Bar #472802)
      Law Offices of Gregory S. Smith
      913 East Capitol Street, S.E.
      Washington, D.C.  20003
      Telephone:  (202) 460-3381
      Facsimile:   (877) 809-9113
      Email:   gregsmithlaw@verizon.net

      Andrew J. Mytelka
      Texas State Bar No. 14767700
      Joseph R.  Russo, Jr.
      Texas State Bar No. 24002879
      Steve Windsor
      Texas State Bar No. 21760650
      James M. Roquemore
      Texas State Bar No. 24058082
      GREER, HERZ & ADAMS. LLP
      One Moody Plaza, 18th Floor
      Galveston, Texas  77550
      (409) 797-3200
      (409) 766-6424 (FAX)

      ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

   I certify that on February 18, 2010, a copy of this document was filed with the Court's ECF filing system, which will provide electronic notification of its filing to all counsel who have noticed their appearance in this action.

       __/s/ Gregory S. Smith_____
        Gregory S. Smith