September 24, 2008

| | |
|---|---|
| MEMORANDUM: | The Board of Directors |
| THROUGH: | Mitchell L. Glassman, Director  *mitchell L. Glassman* <br> Division of Resolutions and Receiverships |
| FROM: | James R. Wigand, Deputy Director <br> Franchise and Asset Marketing Branch <br> Division of Resolutions and Receiverships <br><br> Herbert J. Held, Assistant Director <br> Franchise and Asset Marketing Branch <br> Division of Resolutions and Receiverships |
| SUBJECT: | Washington Mutual Bank, <br> Henderson, Nevada <br> Failing Bank Case <br><br> Total Assets:    $307,022,000,000 (as of June 30, 2008) <br> Retail Deposits:  $134,700,000,000 (as of September 17, 2008) <br> Uninsured Deposits:  $8,452,029,625 (as of September 17, 2008) <br> Tier 1 Leverage/Tier 1 Risk Based/Total Risk Based: <br>         7.07%/8.40%/12.44% (June 30, 2008) |

b8 ⌐

MATERIAL REDACTED

Recommendation

That the Board of Directors:

1. Approve the Bid from JPMorgan Chase & Co (JPMorgan Chase) to resolve Washington Mutual Bank, Henderson, Nevada (the Bank), a failing institution, as the least costly transaction;

2. Authorize the transfer of the assets and liabilities of the Bank including its subsidiary savings association to JPMorgan Chase under Section 13(k) of the Federal Deposit Insurance Act, 12 U.S.C. 1823(k) (the FDI Act) and override certain state laws which

prohibit JPMorgan Chase to retain and operate branches of the Bank and its subsidiary savings association acquired in the transaction;

3. Authorize the Director, Division of Resolutions and Receiverships (DRR) or designee, to accept appointment of FDIC as receiver for the Bank;

4. Waive the restriction contained in paragraph 32 of Robinson Resolution (Third) that limits the application of Robinson Resolution (Third) to institutions with assets less than $1 billion for the purpose of resolving the Bank and invoke application of the Robinson Resolution (Third) to authorize staff to implement any transaction approved by the Board and take any other action authorized by said Robinson Resolution (Third);

5. Authorize the Director, DRR or designee, to modify the standard indemnification to include a limited indemnity in favor of JPMorgan Chase in an amount not to exceed $500 million for any damages JPMorgan Chase may sustain as a result of litigation brought by Washington Mutual Inc. (WMI) or third parties.

Executive Summary

The Bank is a federally-chartered savings association that was established in 1889 and has been FDIC-insured since January 1, 1934. The Bank is wholly owned by WMI, which is a non-diversified, multiple savings and loan holding company that is regulated as a unitary holding company because the charters of both of its bank subsidiaries were supervisory acquisitions. The Bank is the largest savings and loan association in the country and the predominant legal entity

in WMI, which has no significant subsidiaries outside of the Bank's corporate structure. WMI's earnings are derived almost entirely from the Bank and, therefore, earnings outside of the Bank within the holding company will neither materially harm nor provide substantial benefit to the Bank. The Bank operates over 2,300 branches in fifteen states and has no foreign operations. The risk profile of the Bank is increasing, and the institution poses a high risk to the deposit insurance fund.

b4, b5

MATERIAL REDACTED

## FOIA Redaction/Fact Sheet

At this point in this document ___9___ page(s) have/has been withheld totally because of the following:

[✓] The information was withheld pursuant to the following subsection of the Freedom of Information Act:

[✓] (b) (4)
[✓] (b) (5)
[ ] (b) (6)
[ ] (b) (7)     (A)  (B)  (C)  (D)  (E)  (F)
[✓] (b) (8)
[ ] _____

The page(s) being withheld may be referred to as:

_Pages 4-12 of the Washington Mutual Board memo_

COMMENTS: _____

b5 [



b5

MATERIAL REDACTED

b5 r

b5

Other Information

If you have any questions concerning this case, please call Herbert Held at extension 8-7329 or Sharon Yore at extension 8-7336.

13

This recommendation is prepared by:

_Sharon L. Yore_ (signature)
Sharon Yore
Franchise and Asset Marketing
DRR - Washington

This recommendation is supported by:

_____
Kenneth N. Blincow, Manager
Franchise and Asset Marketing
DRR- Dallas

_____
Wendy Hoskins
Franchise and Asset Marketing
DRR - Washington

_____
George French
Deputy Director
DSC- Washington

_John V Thomas for_ (signature)
Sara A. Kelsey
General Counsel

Attachment 1: Cost Test Summary-JPMorgan Chase Bid
Attachment 2: Board Resolution

## FOIA Redaction/Fact Sheet

At this point in this document ___1___ page(s) have/has been withheld totally because of the following:

[ ] The information was withheld pursuant to the following subsection of the Freedom of Information Act:

[ ] (b)(4)
[✓] (b)(5)
[ ] (b)(6)
[ ] (b)(7)    (A)  (B)  (C)  (D)  (E)  (F)
[ ] (b)(8)
[ ] _____

The page(s) being withheld may be referred to as:
___Crat test summary___

COMMENTS: _____

Attachment 2

RESOLUTION

WHEREAS, the Federal Deposit Insurance Corporation (the "Corporation") has been advised that the Director of the Office of Thrift Supervision (the "OTS") may (i) close Washington Mutual Bank, Henderson, Nevada, a federal savings association insured under 12 U.S.C. § 1814(a) (the "Bank"), and (ii) tender to the Corporation appointment as receiver (the "Receiver") of the Bank in accordance with 12 U.S.C. § 1821(c)(2)(A)(ii); and

WHEREAS, pursuant to 12 U.S.C. § 1821(c)(2)(A)(ii), the Corporation shall accept appointment as Receiver of the Bank; and

WHEREAS, in anticipation of the Bank's closing, the Corporation's Division of Resolutions and Receiverships (DRR) solicited bids from financial institutions for the resolution of the Bank; and

WHEREAS, DRR received bids from two financial institutions and evaluated those bids in order to select the bid that would result in the least cost resolution of the Bank; and

WHEREAS, DRR has determined that the bid submitted by JPMorgan Chase & Co. (JPMorgan Chase) represents the most viable and least costly solution, on terms and conditions acceptable to the FDIC, for resolving the Bank; and

WHEREAS, JPMorgan Chase and the Bank both have subsidiaries, offices and branches located in states with state law restrictions that could effectively prevent JPMorgan Chase from acquiring certain subsidiaries, offices and branches of the Bank and its savings association subsidiary.

WHEREAS, the FDIC may override state branching laws, whether existing now or enacted in the future, through its authorization of the proposed acquisition of the Bank and its savings association subsidiary under Section 13(k)(1) of the Federal Deposit Insurance Act (the FDI Act); and

WHEREAS, JPMorgan Chase has requested an indemnification from the FDIC for any potential breach of an agreement dated March 11, 2006 with Washington Mutual, Inc. (WMI) caused by its acquisition of the assets and liabilities of the Bank from the Receiver as set forth in its bid.

WHEREAS, the override of such state branching laws pursuant to Section 13(k)(1) is a condition precedent to the acquisition of the Bank and its savings association subsidiary by JPMorgan Chase; and

WHEREAS, in order to authorize the acquisition under Section 13(k)(1) and override state law, the Board of Directors of the Corporation (the "Board") must determine that (i) severe financial conditions exist which threaten the stability of a significant number of savings associations, or of savings associations possessing significant financial resources, (ii) the acquisition will lessen the risk to the FDIC, (iii) the acquisition will not present a significant risk

2

to the safety and soundness of the savings association to be acquired or to the acquiring entity, and (iv) the savings association to be acquired is eligible for assistance pursuant to Section 13(c) of the FDI Act; and

WHEREAS, for the FDIC to provide assistance under Section 13(c) of the FDI Act the Board must determine that the Bank is (i) in default, (ii) in danger of default, or (iii) that severe financial conditions exist which threaten the stability of a significant number of insured depository institutions, or of insured depository institutions possessing significant financial resources; and

WHEREAS, severe financial conditions exist that threaten the stability of a significant number of savings associations, or of savings associations possessing significant financial resources and the Bank is a savings association possessing significant financial resources; and

WHEREAS, the Bank and its savings association subsidiary are eligible for Section 13(c) assistance; and

WHEREAS, the transfer of assets and liabilities of the Bank to JPMorgan Chase will lessen the risk to the FDIC because the transfer will require no assistance from the FDIC, although the Bank is eligible for assistance under Section 13(c); and

WHEREAS, the transfer of assets and liabilities of the Bank to JPMorgan Chase will not present a significant risk to the safety and soundness of JPMorgan Chase as the resulting

institution will be satisfactorily managed and capitalized and sufficient resources appear to be available; and

WHEREAS, Section 13(k) requires that the transaction be approved by the appropriate Federal banking agency of every party; and

WHEREAS, the Office of the Comptroller of the Currency (OCC) as the federal regulator of JPMorgan Chase has indicated that it will provide its approval of the transfer of assets and liabilities of the Bank on September 25, 2008; and

WHEREAS, the FDIC staff has advised the Board that it can make the determinations required by Section 13(k) of the FDI Act and all other requirements of Section 13(k) have or will be satisfied prior to the transfer of assets and liabilities of the Bank to JPMorgan Chase, and

WHEREAS, the FDIC staff has recommended that the Board authorize the transfer of assets and liabilities of the Bank as described above and override state laws existing now or in the future, prohibiting, limiting, restricting, or voiding authorization of retention of subsidiaries, offices or branches of the Bank and its savings association subsidiary as applied to a national bank, as requested by JPMorgan Chase; and

WHEREAS, the Corporation has reviewed such documents and information as it deems relevant with respect to the Bank; and

WHEREAS, the Board at a meeting closed to public observation in accordance with 5 U.S.C. § 552b and 12 C.F.R. § 311.3(b), considered certain courses of action with respect to the Bank, upon the recommendation of DRR and as set forth in Resolution No. 062393, dated May 6, 1997, as amended (the "Robinson Resolution (Third)"); and

WHEREAS, due to the size of the Bank, DRR is requesting a waiver by the Board of the restriction on application of the Robinson Resolution (Third) to institutions with assets less than $1 billion; and

WHEREAS, DRR is requesting that the Board authorize the Director, DRR or designees, to accept appointment of the FDIC as receiver of the Bank.

NOW, THEREFORE, BE IT RESOLVED, that the Board hereby finds and determines that:

(1)     severe financial conditions threaten the stability of a significant number of savings associations or savings associations possessing significant financial resources, and the Bank and its savings association subsidiary are possessing significant financial resources; and

(2)     authorization of the proposed acquisition as described above would lessen the risk to the FDIC and will not present a substantial risk to the safety and soundness of JPMorgan Chase; and

(3)     the Bank and its savings association subsidiary are eligible for assistance under Section 13(c) of the FDI Act because severe conditions exist which threaten the stability of a significant number of savings associations or of savings associations possessing significant

financial resources, and the Bank is a savings association possessing significant financial resouces.

BE IT FURTHER RESOLVED that the Board by unanimous vote hereby determines that the JPMorgan Chase bid is the least costly transaction to resolve the Bank.

BE IT FURTHER RESOLVED that the Board by unanimous vote hereby authorizes the transfer of assets and liabilities of the Bank to JPMorgan Chase pursuant to Section 13(k) of the FDI Act.

BE IT FURTHER RESOLVED that the Board, pursuant to its authorization of the transfer of assets and liabilities of the Bank to JPMorgan Chase, hereby preempts and overrides the laws of any state presently existing or hereafter enacted that as applied to national banks prohibit or would prohibit, restrict, limit or lack authorization of the establishment, acquisition, or retention of subsidiaries, office or branches by JPMorgan Chase of the Bank and its savings association subsidiary.

BE IT FURTHER RESOLVED that the Board hereby waives the restriction on application of the Robinson Resolution (Third) to institutions with assets less than $1 billion and invokes application of the Robinson Resolution (Third) with respect to the Bank.

BE IT FURTHER RESOLVED that the Board hereby authorizes the Director, Division of Resolutions and Receiverships (DRR) or designee, to modify the standard indemnification to include a limited indemnity in favor of JPMorgan Chase in an amount not to exceed $500 million for any

damages JPMorgan Chase may sustain as a result of litigation brought by WMI against JPMorgan Chase for violation of the agreement between WMI and JPMorgan Chase dated March 11, 2008.

BE IT FURTHER RESOLVED that in the event the Bank is closed and the Corporation is appointed as Receiver, the Board hereby authorizes and directs the Director (or designee) of the Corporation's Division of Resolutions and Receiverships (the "Director (or designee)") to implement or cause to be implemented the least costly resolution of the Bank as required by 12 U.S.C. § 1823(c)(4)(A), as amended.

BE IT FURTHER RESOLVED that subject to the immediately preceding paragraph, the Board hereby authorizes appropriate staff of the Corporation as contemplated by the Robinson Resolution (Third) to take all actions as set forth in the Robinson Resolution (Third) with respect to the implementation of such resolution of the Bank selected by the Director (or designee).