## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN NATIONAL INSURANCE COMPANY, *et al*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Washington Mutual Bank, Henderson, Nevada, *et al.*, <br><br> Defendants. | Case No. 1:09-cv-01743 (RMC) |

## MEMORANDUM OF POINTS AND AUTHORITIES OF THE FDIC-RECEIVER IN OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT AND FOR LEAVE TO FILE AMENDED COMPLAINT

David Clarke, Jr. (D.C. Bar. No. 396002)
david.clarke@dlapiper.com
Deana L. Cairo (D.C. Bar No. 469628)
deana.cairo@dlapiper.com
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Tel.:  (202) 799-4000
Fax:  (202) 799-5000

- and -

John J. Clarke, Jr. (admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Tel.:  (212) 335-4500
Fax:  (212) 335-4501

Attorneys for the
 Federal Deposit Insurance Corporation,
 as Receiver for Washington Mutual Bank

Dated:  June 4, 2010

## Table of Contents

Page

Table of Authorities ........................................................................................................... ii

INTRODUCTION .............................................................................................................. 1

ARGUMENT ..................................................................................................................... 2

I.      THERE IS NO BASIS TO AMEND OR ALTER THE JUDGMENT OR
        RECONSIDER THIS COURT'S MEMORANDUM OPINION .................................... 2

II.     PLAINTIFFS' BELATED REQUEST FOR LEAVE TO AMEND THEIR
        COMPLAINT SHOULD BE DENIED ............................................................................ 6

CONCLUSION ................................................................................................................. 10

**Table of Authorities**

Page

Cases

*Adagio Inv. Holding Ltd. v. F.D.I.C.,*
   338 F. Supp. 2d 71 (D.D.C. 2004) ........................................................................................8

*Agrocomplect AD v. Republic of Iraq,*
   262 F.R.D. 18 (D.D.C. 2009) ................................................................................................2

*Aliaf Assocs. Ltd. v. F.D.I.C.,*
   879 F. Supp. 515 (E.D. Pa. 1995) .........................................................................................8

*Brazlin v. Western Sav. & Loan Ass'n,*
   Civ. No. 91-0078, 1994 WL 374286 (D. Ariz. Jan. 28, 1994) ..............................................9

*Ciralsky v. C.I.A.,*
   355 F.3d 661 (D.C. Cir. 2004) ..............................................................................................3

*Epps v. Howes,*
   573 F. Supp. 2d 180 (D.D.C. 2008) ......................................................................................6

*Firestone v. Firestone,*
   76 F.3d 1205 (D.C. Cir. 1996) ......................................................................................2, 3, 6

*Fox v. American Airlines, Inc.,*
   389 F.3d 1291 (D.C. Cir. 2004) ............................................................................................5

*Freeman v. F.D.I.C.,*
   56 F.3d 1394 (D.C. Cir. 1995) ..............................................................................................3

*Fresh Kist Produce, LLC v. Choi Corp.,*
   251 F. Supp. 2d 138 (D.D.C. 2003) ......................................................................................2

*Int'l Painters & Allied Trades Indus. Pension Fund v. Design Techs.,*
   254 F.R.D. 13 (D.D.C. 2008) ................................................................................................5

*Jackson Nat'l Life Ins Co. v. Ligator,*
   949 F. Supp. 200 (S.D.N.Y. 1996) ........................................................................................9

*Kattan v. District of Columbia,*
   995 F.2d 274 (D.C. Cir. 1993) ..............................................................................................5

*McGlothin v. R.T.C.,*
   913 F. Supp. 15 (D.D.C. 1996), *aff'd,* 111 F.3d 963 (D.C. Cir. 1997) ...............................8

Page

*Messina v. Krakower,*
   439 F.3d 755 (D.C. Cir. 2006) ........................................................................2

*Nat'l Wrestling Coaches Ass'n v. Dept. of Educ.,*
   366 F.3d 930 (D.C. Cir. 2004) ........................................................................7

*Nextel Spectrum Acquisition Corp. v. Hispanic Info. & Telecomms. Network,*
   571 F. Supp. 2d 59 (D.D.C. 2008) ...................................................................6

*Pareto v. F.D.I.C,*
   139 F.3d 696 (9th Cir. 1998) ..........................................................................9

*Ponce v. Billington*,
   652 F. Supp. 2d 71 (D.D.C. 2009) ...............................................................6, 7

*Popkin v. Jacoby (In re Sunrise Sec. Litig.),*
   916 F.2d 874 (3d Cir. 1990) ............................................................................9

*Rann v. Chao,*
   209 F. Supp. 2d 75 (D.D.C. 2002), *aff'd*, 346 F.3d 192 (D.C. Cir. 2003) ........1, 2, 4

*Village of Oakwood v. State Bank & Tr. Co.,*
   539 F.3d 373 (6th Cir. 2008) ..........................................................................4

*West v. Spellings,*
   No. 06-1012 (RMC), 2007 WL 2059731 (D.D.C. July 18, 2007)...........................2

## Statutes and Rules

12 U.S.C. § 1821(d)(6)(A) ........................................................................................8

12 U.S.C. § 1821(d)(13)(D) ...................................................................................1, 3

12 U.S.C. § 1821(i)(2) ..............................................................................................8

Fed. R. Civ. P. 59(e) ....................................................................................... *passim*

Fed. R. Civ. P. 60(b)(2) ............................................................................................6

Intervenor-defendant the Federal Deposit Insurance Corporation, as receiver for

Washington Mutual Bank (the "FDIC-Receiver"), respectfully submits this memorandum of

points and authorities in opposition to plaintiffs' motion to alter or amend judgment and request

for leave to file an amended complaint.

## <u>INTRODUCTION</u>

Plaintiffs' motion to alter or amend the judgment in this action, and their request for leave

to file an amended complaint, should be denied.  This Court's memorandum opinion dated

April 13, 2010 correctly dismissed plaintiffs' claims against defendants JPMorgan Chase Bank,

N.A. ("JPMC Bank") and its parent corporation JPMorgan Chase & Co. ("JPMC & Co.") on the

ground that each of plaintiffs' causes of action depended on the FDIC-Receiver's sale of the

assets of Washington Mutual Bank ("WMB") to JPMC Bank, that the claims therefore "relate[d]

to [an] act or omission" of the FDIC-Receiver and that, as a result, those claims were subject to

the exclusive receivership claims process provided under the Federal Deposit Insurance Act,

requiring dismissal.  Mem. Op. at 6-7; *see* 12 U.S.C. § 1821(d)(13)(D)(ii).

In taking issue with that dismissal decision, plaintiffs fall far short of satisfying the

demanding burden placed on them to obtain relief under Federal Rule of Civil Procedure 59(e).

Mere "disagreement with the court's analysis and conclusions" does not satisfy the rule's

criteria.  *Rann v. Chao*, 209 F. Supp. 2d 75, 83 (D.D.C. 2002), *aff'd*, 346 F.3d 192 (D.C. Cir.

2003).  Yet, it is clear, it is precisely such a disagreement that motivates plaintiffs' request for

such extraordinary relief here.  There has been no "clear error" of law.  To the contrary, the

Court's decision was well-founded and supported by substantial appellate authority.  Nor will

denial of the current motion result in "manifest injustice," since in dismissing their petition this

Court already has considered all of the arguments that plaintiffs once again are advancing here.

Plaintiffs' proposed first amended complaint does not lead to a different conclusion.  Indeed, the

amended allegations are just as inactionable as the allegations in plaintiffs' original petition,

demonstrating that dismissal of that pleading with prejudice was the appropriate result.

Federal Rule 59(e) is not a license to engage in perpetual litigation. Through numerous

filings in two separate federal district courts over the past fourteen months, plaintiffs have been

allowed every chance to articulate an actionable claim, and still they have failed to do so. The

current motion represents only the latest attempt to repackage arguments that already have been

considered and rejected by the Court. The motion should be denied.

## ARGUMENT

## I.    THERE IS NO BASIS TO AMEND OR ALTER THE JUDGMENT OR RECONSIDER THIS COURT'S MEMORANDUM OPINION

"[M]otions for reconsideration under Rule 59(e) are disfavored and should be granted

only under extraordinary circumstances." *Agrocomplect AD v. Republic of Iraq*, 262 F.R.D. 18,

21 (D.D.C. 2009) (citation omitted). "[A] Rule 59(e) motion to reconsider is not simply an

opportunity to reargue facts and theories upon which a court has already ruled, nor is it a vehicle

for presenting theories or arguments that could have been advanced earlier." *West v.

Spellings*, No. 06-1012 (RMC), 2007 WL 2059731, at *2 (D.D.C. July 18, 2007) (quoting *Fresh

Kist Produce, LLC v. Choi Corp.*, 251 F. Supp. 2d 138, 140 (D.D.C. 2003)).

A motion under Rule 59(e) should not be granted unless there has been "an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or

prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758-59 (D.C. Cir. 2006); *see

Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (*per curiam*). Mere "disagreement

with the court's analysis and conclusions does not satisfy any of Rule 59(e)'s criteria for altering

or amending the court's judgment." *Rann v. Chao*, 209 F. Supp. 2d 75, 83 (D.D.C. 2002), *aff'd*,

346 F.3d 192 (D.C. Cir. 2003). Plaintiffs here urge the Court to "reconsider and vacate its

Judgment . . . to prevent manifest injustice and/or correct a clear error," but neither of these criteria for reconsideration applies in this case.[1]

*First*, there has been no "clear error" of law. To the contrary, the Court correctly concluded that plaintiffs' claims here "relate[d] to [an] act or omission" of the FDIC-Receiver as receiver for WMB and therefore were subject to the exclusive receivership claims process established in the FDI Act, as amended by the Financial Institutions Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, 103 Stat. 83 (1989) ("FIRREA"), even though plaintiffs only purported to assert those claims against JPMC Bank, the assuming bank under a purchase and assumption agreement with the FDIC-Receiver, and its parent corporation JPMC & Co. Mem. Op. at 6-7; *see* 12 U.S.C. § 1821(d)(13)(D).

Controlling authority from the D.C. Circuit makes clear that the FDIC's receivership claims process is exclusive. *See* Mem. Op. at 7 (citing *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1400 (D.C. Cir. 1995)). Similarly, appellate courts have applied the jurisdictional bar to an action, like this one, in which a disappointed claimant seeks recovery from the assuming bank in a purchase and assumption transaction in an attempt to end-run FIRREA's exclusive claims process. *See* Mem. Opp. at 7 (citing *Village of Oakwood v. State Bank & Tr. Co.*, 539 F.3d 373, 386 (6th Cir. 2008)).

Under the circumstances, it is unsurprising that plaintiffs have failed to identify an error of law that would compel a change in the Court's ruling and therefore justify reconsideration. *See Rann*, 209 F. Supp. 2d at 83. To the contrary, the Court correctly applied these established principles of law to the claims asserted by plaintiffs here. As the Court explained in its opinion:

---

[1] For the reasons explained by the JPMC defendants in their opposition memorandum, the D.C. Circuit decisions in *Ciralsky v. C.I.A.*, 355 F.3d 661 (D.C. Cir. 2004), and in *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996), both involved specific circumstances not presented in this case, and neither of those decisions supports plaintiffs' motion for reconsideration here.

> Plaintiffs seek damages for JPMorgan Chase's 'actions in causing the seizure and sale' of Washington Mutual Bank by the FDIC-Receiver. The gravamen of Plaintiffs' Complaint is that the sale by the FDIC-Receiver 'interfere[d] with' their 'rights under the bond contracts' by 'strip[ping] away the source of revenue from which' Washington Mutual Bank and Washington Mutual, Inc. 'were to meet their obligations under the bond contracts.'

Mem. Op. at 5. As alleged in the petition itself, each of plaintiffs' causes of action depended on "the independent intervening sale by the FDIC-Receiver," *id. at* 6, and FIRREA's jurisdictional bar therefore was implicated directly, whether or not plaintiffs chose to name the FDIC-Receiver as a defendant, *id.* at 6-7.

In their motion, plaintiffs suggest that they have alleged conduct by JPMC & Co. that occurred before WMB was closed that could not be attributable to the FDIC-Receiver. Pl. Mem. at 10. But the Court expressly considered such allegations in reaching its conclusion that plaintiffs could not assert their claims outside of the FIRREA claims process, and plaintiffs' effort to reargue the point does not lead to a different result. *See* Mem. Opp. at 2-3 (summarizing allegations including JPMC & Co. "pressure" on regulators "to intensify oversight and reporting requirements," alleged "campaign involving adverse media 'leaks'" in summer 2008, alleged "sham" merger negotiations with Washington Mutual, Inc. in early September 2008 and allegedly unfettered disclosure of Washington Mutual confidential information "to news media, government regulators, and investors in such a way that promoted its scheme"). Whenever plaintiffs contend the alleged course of conduct began, the Court correctly concluded that plaintiffs' theory of harm depended upon the FDIC-Receiver's sale of WMB assets to JPMC Bank and therefore that the FIRREA jurisdictional bar applied. There was no "clear error" of law in this conclusion.

*Second*, no manifest injustice will result from the denial of plaintiffs' latest motion. Plaintiffs have litigated the nature and sufficiency of their complaint for the past fourteen months

in multiple filings with two different federal courts.  Rather than amend their petition earlier in the proceedings to present additional allegations or theories, plaintiffs chose to vigorously defend the petition and proceed with extensive motion practice challenging the application of the FIRREA jurisdictional bar to their claims.  Rule 59(e) does not provide a remedy under such circumstances.  *See Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (affirming refusal to vacate judgment where plaintiffs sought to assert claim that could have been asserted before judgment); *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) (Rule 59(e) is not an avenue for a "losing party to request the trial judge to reopen proceedings in order to consider" new theories or issues which could have been raised earlier); *Int'l Painters & Allied Trades Indus. Pension Fund v. Design Techs.*, 254 F.R.D. 13, 19 (D.D.C. 2008) (no "manifest injustice" where party elected not to act until a final order had been entered despite having notice).

Plaintiffs' request to reopen this case "to provide additional factual allegations concerning causation . . . to correct the perceived deficiency in the Petition and put clarified and expanded allegations . . . squarely before the Court" Pl. Mot. at 6, really amounts to just another attempt to relitigate issues that have been decided against plaintiffs after a full and fair opportunity for argument.  Plaintiffs' theory that the JPMC defendants caused them harm independent of any act of the FDIC-Receiver is hardly new.  To the contrary, that assertion was the centerpiece of all of plaintiffs' prior arguments in this action.

*Finally*, plaintiffs have not identified any "new evidence" that was not available to them prior to entry of judgment that would justify the extraordinary relief they seek in their motion.  To the contrary, plaintiffs acknowledge that the "new" facts that they seek to place before the Court in their proposed first amended complaint were "specifically noted during the course of

briefings to the Court." *See* Pl. Mot. at 4 (discussing allegations that plaintiffs incurred injury prior to sale of WMB assets to JPMC); *id.* at 4-5 ("Although specifically addressed in briefings, Plaintiffs' compliance with the receivership administrative claims procedure was not detailed in the Petition.").

In brief, plaintiffs have offered no basis to amend or alter the judgment that has been entered against them in this action, and their motion for relief under Federal Rule 59(e) should be denied.

## II.   PLAINTIFFS' BELATED REQUEST FOR LEAVE TO AMEND THEIR COMPLAINT SHOULD BE DENIED

Plaintiffs' post-judgment request for leave to amend their petition also should be denied for at least two different reasons.

When, as here, a plaintiff seeks leave to amend his complaint only after judgment has been entered he must first establish grounds for relief from the judgment under Federal Rules 59(e) or 60(b) before the request for leave to amend may be considered. *See Firestone v. Firestone*, 76 F.3d at 1208; *Nextel Spectrum Acquisition Corp. v. Hispanic Info. & Telecomms. Network*, 571 F. Supp. 2d 59, 62 (D.D.C. 2008); s*ee also Epps v. Howes*, 573 F. Supp. 2d 180, 186-87 (D.D.C. 2008) (denying motion for leave to amend complaint based on newly discovered evidence given failure to satisfy requirements for relief from judgment under Federal Rule 60(b)(2)).  Here, for the reasons already discussed, plaintiffs fall far short of their demanding burden to obtain relief from judgment, and their request for leave to amend the complaint should be denied for the same reasons.

Further, and in any event, plaintiffs' request for leave to amend their complaint should be denied as futile. *See Ponce v. Billington*, 652 F. Supp. 2d 71, 73 (D.D.C. 2009)  "A motion to amend is futile 'if the amended pleading would not survive a motion to dismiss.'"  *Id.* at 73

(citation omitted); *see Nat'l Wrestling Coaches Ass'n v. Dept. of Educ.*, 366 F.3d 930, 945 (D.C. Cir. 2004).  In this instance, plaintiffs' proposed first amended complaint would not survive a motion to dismiss for several different reasons.

*First*, plaintiffs' proposed amendments do not cure the fundamental problem that resulted in dismissal with prejudice of their original petition:  their causes of action depend on alleged acts or omissions of the FDIC-Receiver and therefore are subject to the FIRREA jurisdictional bar.  Just as in their original petition, the central allegation of plaintiffs' claim for tortious interference is that:

> JPMC & Co. and JPMC Bank used their insider status and financial strength to bring about a regulatory seizure of WMB and obtain the sale of WMB assets from federal regulators to JPMC & Co. at a below-market price under terms that would sever the Plaintiffs' contractual rights under the WMB bonds.

First Am. Compl., ¶ 94.  Similarly, plaintiffs' amended claim for "unjust enrichment" alleges that "JPMC & Co. and JPMC Bank received a benefit from its transaction with the FDIC whereby it obtained the valuable assets of WMB at a price less than its fair market value."  *Id.*, ¶ 107.  Their amended claim for alleged breach of a confidentiality agreement likewise includes the allegation that JPMC & Co. violated such an alleged agreement by, *inter alia*, "misusing confidential financial information of Washington Mutual to negotiate with and develop a bid to submit to the FDIC . . . ."  *Id.*, ¶ 103.

As this Court correctly recognized in dismissing plaintiffs' original petition, there is only one avenue for the assertion of such claims – submission of a receivership proof of claim in accordance with the requirements of the FDI Act.  Plaintiffs allege in their proposed amended complaint that they filed receivership claims "based on their WMB bonds," First Am. Compl., ¶ 88, but they do not allege that they included any of the current causes of action in those proofs of claim.  To the contrary, plaintiffs allege that in their receivership proofs of claim they

purported to "reserve[] the right to pursue appropriate legal action against any responsible party." *Id.*

Under FIRREA, only a claimant whose receivership claim has been disallowed may proceed to district court to seek a judicial determination of such a claim. *See* 12 U.S.C. § 1821(d)(6)(A). However, plaintiffs do not allege that their claims were disallowed. To the contrary, they allege that the FDIC-Receiver "declared that WMB's obligations for the bonds owned by the Plaintiffs were valid." First Am. Compl., ¶ 89. Plaintiffs therefore do not have standing under the statute to bring any action. Indeed, through their receivership certificates plaintiffs have received "payment in full" for their WMB bonds. *See* 12 U.S.C. § 1821(i)(2); *Adagio Inv. Holding Ltd. v. F.D.I.C.*, 338 F. Supp. 2d 71, 74 n.4 (D.D.C. 2004). Moreover, even if this were not by itself dispositive, plaintiffs' failure to include the specific causes of action at issue here in their receivership proofs of claim would be. *See, e.g., McGlothin v. R.T.C.*, 913 F. Supp. 15, 18 (D.D.C. 1996), *aff'd*, 111 F.3d 963 (D.C. Cir. 1997); *Aliaf Assocs. Ltd. v. F.D.I.C.*, 879 F. Supp. 515, 518 (E.D. Pa. 1995).

*Second*, plaintiffs' new allegation that "the value of Plaintiffs' WMB bonds declined significantly prior to the government seizure of WMB" would not save their complaint from dismissal. *See* First Am. Compl., ¶¶ 35, 63. Plaintiffs do not allege that they sold their bonds at such an allegedly reduced price. *See* Pl. Mot. at 6 ("*If* Plaintiffs had sold the bonds prior to WMB's failure, they would have suffered harm because of JPMC's conduct.") (emphasis added). To the contrary, plaintiffs allege that they still hold those bonds and do not expect to recover any value for them in the WMB receivership. *See* First Am. Compl., ¶ 74 ("The WMB bonds held by Plaintiffs are subject to liquidation as part of the FDIC receivership. Upon information and belief, these bonds are substantially without value.").

In any event, plaintiffs' effort to allege harm based on a decline in the price of their securities only demonstrates that they are asserting derivative claims that are owned by either the FDIC-Receiver, as WMB's statutory successor, or by Washington Mutual, Inc., WMB's former holding company.  *See Brazlin v. Western Sav. & Loan Ass'n*, Civ. No. 91-0078, 1994 WL 374286, at *2 (D. Ariz. Jan. 28, 1994) (plaintiffs' inability to collect amounts due on bonds is a derivative injury, which "belong[ed] to the RTC"); *see also Jackson Nat'l Life Ins Co. v. Ligator*, 949 F. Supp. 200, 204-05 (S.D.N.Y. 1996) ("creditor of a corporation [who] sustains injury only because of the [corporation's] inability to pay an obligation" suffers a derivative injury and "therefore lacks standing to sue"); *Popkin v. Jacoby (In re Sunrise Sec. Litig.)*, 916 F.2d 874, 886-887 (3d Cir. 1990) (loss in value of deposits "reflects the impaired condition of the financial institution" that is "sustained by all depositors and is incidental to and dependent on injury to the institution").

Despite extensive briefing of this issue before their most recent motion, plaintiffs have failed to advance a single allegation of fact in their proposed amended complaint that suggests any type of direct harm for which they would have the right to pursue recovery on their own behalf.  Under FIRREA, the FDIC-Receiver, not the failed bank's creditors or stockholders, is vested with the authority to determine whether or not such derivative claims should be pursued on behalf of a failed bank.  *Pareto v. F.D.I.C.*, 139 F.3d 696, 700 (9th Cir. 1998).

## **CONCLUSION**

For all of the foregoing reasons, plaintiffs' motion for relief under Federal Rule of Civil

Procedure 59(e), and their request for leave to file an amended complaint, should be denied.

Dated:  Washington, D.C.                           Respectfully submitted,
       June 4, 2010

                                               /s/ David Clarke, Jr.
Of Counsel:                                        David Clarke, Jr. (D.C. Bar. No. 396002)
                                                   david.clarke@dlapiper.com
Jermaine McPherson                                 Deana L. Cairo (D.C. Bar No. 469628)
Sonal Patel                                        deana.cairo@dlapiper.com
                                                   DLA Piper LLP (US)
                                                   500 8th Street, N.W.
                                                   Washington, D.C.  20004
                                                   Tel.:  (202) 799-4000
                                                   Fax:  (202) 799-5000

                                           - and -

                                                   John J. Clarke, Jr. (admitted *pro hac vice*)
                                                   john.clarke@dlapiper.com
                                                   DLA Piper LLP (US)
                                                   1251 Avenue of the Americas
                                                   New York, NY 10020
                                                   Tel.:  (212) 335-4500
                                                   Fax:  (212) 335-4501

                                                   Attorneys for the
                                                     Federal Deposit Insurance Corporation,
                                                     as Receiver for Washington Mutual Bank

**CERTIFICATE OF SERVICE**

The undersigned attorney for the FDIC-Receiver certifies that on this 4th day of June

2010, he caused a copy of the foregoing document to be filed via ECF which will cause

electronic notice of its filing to be served on all parties who have appeared in this action.


   /s/     David Clarke, Jr.

                  David Clarke, Jr.