IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN NATIONAL INSURANCE
COMPANY, *et al.*,

Plaintiffs,

v.

JPMORGAN CHASE & CO., *et al.*,

Defendants.

Case No. 1:09-cv-01743 (RMC)

## ANSWER TO CROSSCLAIM AND COUNTERCLAIM

The Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank (the "FDIC-Receiver"), upon knowledge for itself and its own actions and upon information and belief as to all other allegations, for its answer to the crossclaim by defendants JPMorgan Chase & Co. ("JPMC & Co.") and JPMorgan Chase Bank, N.A. ("JPMC Bank") dated January 7, 2013 ("Crossclaim"), pleads as follows.  For the avoidance of doubt, any allegation in the Crossclaim that is not expressly admitted by the FDIC-Receiver in this answer is denied.

## INTRODUCTION

The Federal Deposit Insurance Corporation has legally distinct capacities in its corporate capacity, as insurer and a regulator of insured depository institutions ("FDIC-Corporate"), and as the appointed receiver or conservator for specific failed depository institutions.  *See Bullion Servs., Inc. v. Valley State Bank*, 50 F.3d 705, 708-09 (9th Cir. 1995); *Washington Bancorp. v. F.D.I.C. (In re Washington Bancorp.)*, C.A. No. 95-1340, 1996 WL 148533 (D.D.C. Mar. 19, 1996).  "Because FDIC Corporate and FDIC Receiver perform two different functions and protect wholly different interests, courts have been careful to keep the rights and liabilities of these two entities legally separate."  *Id.* at 709.  Some allegations in the Crossclaim may involve

information known to FDIC-Corporate, but FDIC-Corporate's knowledge cannot be imputed to the FDIC-Receiver, and any statement made in this answer is made solely with respect to the FDIC-Receiver.

## ANSWER

1.      No response is required to paragraph 1 of the Crossclaim, but to the extent any response may be deemed to be required the FDIC-Receiver refers for its contents to plaintiffs' original petition in this action that is discussed in that paragraph and denies any remaining allegations.

2.      No response is required to paragraph 2 of the Crossclaim, but to the extent any response may be deemed to be required the FDIC-Receiver refers for its contents to plaintiffs' first amended complaint in this action that is discussed in that paragraph, and admits that in an opinion and order dated September 28, 2012 the Court dismissed certain claims asserted in the first amended complaint but did not dismiss plaintiffs' claim against JPMC & Co. and JPMC Bank for tortious interference with contract.  Any remaining allegations in paragraph 2 of the Crossclaim are denied.

3.      For its response to the allegations in paragraph 3 of the Crossclaim, the FDIC-Receiver refers for its contents to the Purchase and Assumption Agreement, Whole Bank, dated as of September 25, 2008 among JPMC Bank, the FDIC-Receiver, and FDIC-Corporate (the "P&A Agreement").  Any remaining allegations in paragraph 3 of the Crossclaim are denied.

4.      Denies the allegations in paragraph 4 of the Complaint and refers for its contents to the P&A Agreement, including without limitation the P&A Agreement provisions regarding indemnification and limitations on any right of indemnification provided to JPMC Bank under that agreement.

5.      Denies the allegations in paragraph 5 of the Crossclaim.

6.      Denies the allegations in paragraph 6 of the Crossclaim.

7.      Upon information and belief admits the allegations in paragraph 7 of the Crossclaim.

8.      Upon information and belief admits the allegations in paragraph 8 of the Crossclaim.

9.      For its response to paragraph 9 of the Crossclaim states that the Federal Deposit Insurance Corporation is a corporation organized under the laws of the United States of America with its headquarters in the District of Columbia.  The FDIC-Receiver is a separate legal capacity of the Corporation that was appointed the receiver for Washington Mutual Bank by order of the Office of Thrift Supervision dated September 25, 2008.   Any remaining allegations in paragraph 9 of the Crossclaim are denied.

10.      Paragraph 10 of the Crossclaim states legal conclusions as to which no response is required.

11.      Paragraph 11 of the Crossclaim states legal conclusions as to which no response is required.

12.      Admits the allegations in paragraph 12 of the Crossclaim.

13.      Admits that JPMC Bank, the FDIC-Receiver and FDIC-Corporate entered into the P&A Agreement effective as of September 25, 2008 and refers to the P&A Agreement for its contents.  Any remaining allegations in paragraph 13 of the Crossclaim are denied.

14.      Admits the allegations in the first sentence of paragraph 14 of the Crossclaim. For its response to the allegations in the second sentence of that paragraph, refers to the P&A

Agreement for its contents.  Any remaining allegations in paragraph 14 of the Crossclaim are denied.

15.     For its response to the allegations in paragraph 15 of the Crossclaim, refers to the P&A Agreement for its contents.  Any remaining allegations in paragraph 15 of the Crossclaim are denied.

16.     For its response to the allegations in paragraph 16 of the Crossclaim, refers to the P&A Agreement for its contents.  Any remaining allegations in paragraph 16 of the Crossclaim are denied.

17.     Denies the allegations in paragraph 17 of the Crossclaim and refers to the P&A Agreement for its contents.

18.     Denies the allegations in paragraph 18 of the Crossclaim and refers to the P&A Agreement for its contents.

19.     To the extent any response is required, admits the allegations in paragraph 19 of the Crossclaim except denies that the FDIC-Receiver moved to transfer this action to this Court after the U.S. District Court for the Southern District of Texas denied plaintiffs' motion for remand.  The FDIC-Receiver's motion for transfer was filed immediately after the action was removed from Texas state court.

20.     In response to the allegations in the first sentence of paragraph 20 of the Crossclaim, refers for their contents to the letters that are attached as Exhibits B and C to the Crossclaim.  Denies that the JPMC Defendants are entitled to indemnification under the P&A Agreement for the matters set forth in those letters and denies that JPMC Bank has complied with all applicable conditions precedent to indemnification in the P&A Agreement.  Admits that

the FDIC-Receiver has not consented in writing to indemnify the JPMC Defendants with respect to this action, as alleged in the third sentence of paragraph 20 of the Crossclaim.

21.     For its response to the allegations in paragraph 21 of the Crossclaim, refers for its contents to plaintiffs' original petition in this action.  The FDIC-Receiver further states that in its opinion reversing the dismissal of this action, the United States Court of Appeals for the D.C. Circuit construed that pleading "to allege that JPMC alone committed the wrongdoing for which [plaintiffs] sue . . . ."  *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1144 (D.C. Cir. 2011).

22.     For its response to the allegations in paragraph 22 of the Crossclaim, refers for its contents to plaintiffs' original petition in this action.

23.     Admits the allegations in paragraph 23 of the Crossclaim.

24.     Admits the allegations in paragraph 24 of the Crossclaim, except denies that the paragraph accurately summarizes the D.C. Circuit's opinion in all respects, refers to that opinion for its contents, and denies knowledge or information sufficient to form a belief as to plaintiffs' state of mind in repleading their claims in the first amended complaint in this action.

25.     For its response to the allegations in paragraph 25 of the Crossclaim, refers for its contents to plaintiffs' first amended complaint in this action, denies knowledge or information sufficient to form a belief as to plaintiffs' state of mind in repleading their claims in the first amended complaint in this action, and refers for its contents to this Court's opinion and order entered on September 28, 2012 in which the Court granted in part and denied in part defendants' motions to dismiss the first amended complaint.

26.     No response is required to paragraph 26 of the Crossclaim.

27.     Denies the allegations in paragraph 27 of the Crossclaim and refers for its contents to the P&A Agreement.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Crossclaim.

29.     Denies the allegations in paragraph 29 of the Crossclaim and refers for its contents to the P&A Agreement.

30.     Repeats and realleges its responses to paragraphs 1 through 30 of the Crossclaim as if fully restated herein.

31.     Denies the allegations in paragraph 31 of the Crossclaim.

32.     Denies the allegations in paragraph 32 of the Crossclaim.

33.     Admits that the JPMC Defendants sent letters to the FDIC-Receiver dated March 10, 2009 and December 5, 2012, and refers to those letters for their contents.   Any remaining allegations in paragraph 33 are denied.

34.     Denies the allegations in paragraph 34 of the Crossclaim, except admits that the FDIC-Receiver has not acknowledged in writing any indemnification obligation to the JPMC Defendants with respect to this action.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Crossclaim.

36.     Denies any remaining allegations in the Crossclaim, including without limitation any allegations in the "WHEREFORE" clause.

## DEFENSES

The FDIC-Receiver states the following defenses without assuming the burden of proof as to any issue for which the burden is placed on another party.   The FDIC-Receiver lacks

knowledge or information sufficient to form a belief as to whether it has other, as yet unstated, defenses.

## First Defense

The Crossclaim, in whole or in part, fails to state a claim upon which relief can be granted.

## Second Defense

The JPMC Defendants do not have a valid claim for indemnity under the P&A Agreement.

## Third Defense

Any liability that the JPMC Defendants, or either of them, may have to plaintiffs in this action was never a liability of WMB or the FDIC-Receiver and could not be a subject of a claim for indemnification against the FDIC-Receiver.

## Fourth Defense

Defendant JPMC & Co. is not a party to the P&A Agreement and has no rights under that agreement, including without limitation any right of indemnification.

## Fifth Defense

The FDIC-Receiver reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defense that may become available or appear during discovery or otherwise and reserves the right to amend its answer to assert any such defense.

## COUNTERCLAIM

The Federal Deposit Insurance Corporation, as receiver for Washington Mutual Bank ("FDIC-Receiver"), for its counterclaim against JPMorgan Chase Bank, N.A. ("JPMC Bank"),

alleges upon knowledge for itself and its own actions and upon information and belief as to all other allegations, as follows:

1.      This is a counterclaim against JPMC Bank for indemnification for "any and all costs, losses, liabilities, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement" by the FDIC-Receiver in connection with this action, which arises from and concerns only acts or omissions of JPMC Bank or its co-defendant and corporate parent JPMorgan Chase & Co. ("JPMC & Co.").

## Parties

2.      Counterclaim plaintiff FDIC-Receiver is the receiver for Washington Mutual Bank ("WMB").  The FDIC-Receiver is a separate legal capacity of the Federal Deposit Insurance Corporation, which is a corporation organized and existing under the laws of the United States of America with its headquarters in the District of Columbia.

3.      Counterclaim defendant JPMC Bank is a national banking association organized under the laws of the United States of America with its main office located in Columbus, Ohio. JPMC Bank is a wholly owned subsidiary of JPMC & Co., which is not named as a counterclaim defendant but is a defendant and crossclaimant in this action.

## Jurisdiction and Venue

4.      This Court has jurisdiction over this counterclaim pursuant to 12 U.S.C. § 1819(b)(2) and 28 U.S.C. §§ 1331 and 1367(a).  The FDIC-Receiver reserves the right to argue that this Court lacks subject matter jurisdiction over this action under 12 U.S.C. § 1821(d)(13)(D).

5.      Venue for this counterclaim is proper in this Court pursuant to 28 U.S.C. § 1391.

**Factual Allegations**

6.      By order dated September 25, 2008, the Director of the Office of Thrift Supervision closed WMB and appointed the FDIC-Receiver as its receiver.

7.      Effective as of the same date, the FDIC-Receiver, the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC-Corporate"), and JPMC Bank entered into the Purchase and Assumption Agreement, Whole Bank ("P&A Agreement").

8.      Under the P&A Agreement, JPMC Bank agreed to indemnify the FDIC-Receiver for "any and all costs, losses, liabilities, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred in connection with . . . claims based on any act or omission of any Indemnitee . . ." P&A Agreement, § 12.4.

9.      Both JPMC Bank and JPMC & Co. are "Indemnitees" within the meaning of that term in the P&A Agreement, which includes both the "Assuming Bank" and any of its "Affiliates." JPMC Bank is the "Assuming Bank" under the P&A Agreement. As the company that controls JPMC Bank, JPMC & Co. is an "Affiliate" of JPMC Bank within the meaning of that term in the P&A Agreement and under federal banking law. *See* 12 U.S.C. § 1841(k).

10.      Plaintiffs' claims in the amended complaint in this action are based on alleged conduct by JPMC Bank and JPMC & Co. before the failure of WMB and before the P&A Agreement came into effect. The U.S. Court of Appeals for the D.C. Circuit similarly construed plaintiffs' original petition in this action "to allege that JPMC alone committed the wrongdoing for which [plaintiffs] sue . . ." *Am. Nat'l Ins. Co. v. F.D.I.C.*, 642 F.3d 1137, 1144 (D.C. Cir. 2011).

11.     None of the actions alleged by plaintiffs in this action was undertaken by JPMC Bank or JPMC & Co. upon the specific written direction of the FDIC-Receiver or FDIC-Corporate.

12.     Plaintiffs have not asserted any claim in this action against JPMC Bank or JPMC & Co. based on any allegedly wrongful actions of WMB or its directors, officers, or employees prior to WMB's failure.  Additionally, plaintiffs have stated that they are not asserting any claim in this action against JPMC Bank or JPMC & Co. for recovery of the unpaid principal and interest allegedly owed to plaintiffs by WMB under plaintiffs' WMB bonds.

13.     In December 2012, the FDIC-Receiver filed a motion to withdraw from this action as an intervenor-defendant.  Defendants JPMC Bank and JPMC & Co. opposed that motion, as did plaintiffs.  In an order entered on January 4, 2013, the Court denied the FDIC-Receiver's motion to withdraw and authorized JPMC Bank and JPMC & Co. to file their crossclaim against the FDIC-Receiver.

14.     As a result of this action, the FDIC-Receiver has suffered significant economic harm in the form of the costs of defending this action, including attorneys' fees.  The FDIC-Receiver will continue to suffer harm in the form of "costs" and "expenses" until this action is finally dismissed.  The FDIC-Receiver also may incur other indemnifiable loss.

15.     The FDIC-Receiver is entitled to indemnification from JPMC Bank for the foregoing.

16.     There is no condition precedent for an indemnification claim by the FDIC-Receiver against JPMC Bank pursuant to section 12.4 of the P&A Agreement.  Alternatively, any condition precedent to indemnification under that provision has been satisfied by the FDIC-Receiver.

17.     None of the exceptions to the indemnification provided to the FDIC-Receiver under section 12.4 of the P&A Agreement is applicable in this action.

## Claim for Relief

### Indemnification

18.     The FDIC-Receiver realleges each and every allegation set forth above as if fully restated herein.

19.     In the P&A Agreement, JPMC Bank agreed to indemnify and hold harmless the FDIC-Receiver for "any and all costs, losses, liabilities, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred in connection with . . . claims based on any act or omission of any Indemnitee . . ."  P&A Agreement, § 12.4.

20.     Plaintiffs' underlying claim(s) in this action are based on alleged acts or omissions of JPMC Bank and JPMC & Co., both of which are "Indemnitees" within the meaning of the P&A Agreement.

21.     JPMC Bank is liable to the FDIC-Receiver for any costs, losses, liabilities, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by the FDIC-Receiver in this action.

22.     There is no condition precedent to JPMC Bank's indemnification obligation under section 12.4 of the P&A Agreement.  Alternatively, any condition precedent to indemnification under that provision has been satisfied by the FDIC-Receiver.

23.     The FDIC-Receiver demands judgment for indemnification from JPMC Bank for the foregoing to the full extent provided for under the P&A Agreement.

WHEREFORE, the FDIC-Receiver respectfully requests that this Court enter judgment in its favor:

(a)     requiring JPMC Bank to indemnify and hold harmless the FDIC-Receiver for any costs, losses, liabilities, expenses (including attorneys' fees), judgments, fines and amounts paid in settlement actually and reasonably incurred by the FDIC-Receiver in this action, and

(b)     awarding such other and further relief to the FDIC-Receiver as the Court may deem just and proper.

Dated:  Washington, D.C.
        February 5, 2013

Of Counsel:

B. Amon James
Acting Senior Counsel

Jason R. Ballard
Counsel

Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, Virginia  22226
Telephone:  (703) 562-6136

 /s/ John J. Clarke, Jr.
David Clarke, Jr. (D.C. Bar. No. 396002)
david.clarke@dlapiper.com
DLA Piper LLP (US)
500 8th Street, N.W.
Washington, D.C.  20004
Telephone:  (202) 799-4000

John J. Clarke, Jr. (admitted *pro hac vice*)
john.clarke@dlapiper.com
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 335-4500

Attorneys for Intervenor-Defendant
  Federal Deposit Insurance Corporation,
  as Receiver for Washington Mutual Bank

**CERTIFICATE OF SERVICE**

The undersigned attorney for the FDIC-Receiver certifies that on this 5th day of February, 2013, he caused a copy of the foregoing document to be filed via ECF which will cause electronic notice of its filing to be served on all parties who have appeared in this action.

    /s/    John J. Clarke, Jr.
           John J. Clarke, Jr.